COUNTY OF BROWN *vs.* WINONA & ST. PETER LAND COMPANY.

May 14, 1888.

Taxes—Mandamus to Compel Certifying of Case.—As Gen. St. 1878,
c. 11, § 80, provides for the court which tries proceedings to enforce pay-
ment of taxes upon real estate, to certify to this court a statement of facts
and its decision, only "if, in its opinion, the point is of great public im-
portance, or likely to arise frequently," *mandamus* will not lie to compel
it to so certify.

Same—Certiorari to Review Tax Judgment.—Under the constitutional
provision (section 2, art. 6) giving this court "appellate jurisdiction in
all cases, both in law and equity," the judgment which finally determines
the rights of the parties in a judicial proceeding is subject to review by
this court; and, if the statute gives no other mode for bringing the rec-
ord here, the writ of *certiorari* may issue.    So it may issue upon a tax
judgment, if, on proper application, the court below decline to certify
under the statute.

Same—Writ, to whom Directed.—A writ of *certiorari* to the district court
may be directed to the judge of that court, where there is but one.

Same—Exemption of Railway Land Grant—Sale and Conveyance.—
Where a railroad company, to which lands are granted by the state to aid
in the construction of its road, such lands to be exempt from taxation un-
til "sold and conveyed," has sold the lands and received the considera-
tion, so that it retains no lien upon nor actual interest in them, though
it retains the naked legal title only as trustee for the purchaser, it has
"sold and conveyed" them, within the meaning of the exempting clause.
Following *State* v. *Winona & St. Peter R. Co.*, 21 Minn. 472.

Same—Controversy between Company and Purchaser.—In such case,
the effect, in this particular, of the contract, and the *status* of the lands

| | |
|---|---|
| 38 | 397 |
| 39 | 381 |
| 40 | 515 |
| 40 | 525 |
| 40 | 527 |
| 38 | 397 |
| 41 | 43 |
| 38 | 397 |
| 42 | 181 |
| 38 | 397 |
| 69 | 133 |
| 38 | 397 |
| e86 | 308 |

as to taxability, are not affected by the fact that a controversy between the parties to the contract as to the quantity and specific tracts sold by it arose, and had to be settled by the judgment of a court.

Same—Limitation of Actions.—The statute of limitations does not apply to proceedings to enforce payment of taxes.

Same—Delinquent List—Lands Omitted from Prior Lists.—Taxes for several years, regularly assessed and levied, and delinquent, but omitted from the delinquent lists for the proper years, filed with the clerk of the court, may be included in such delinquent list for a subsequent year.

*Certiorari*, to review a tax judgment of the district court for Brown county, where the action was tried by *Webber*, J., to whom the writ was directed. The petition for the writ states that, prior to the hearing in the district court, and thereafter until the latter part of December, 1887, negotiations were pending between the company and the county for an amicable adjustment of the taxes in question, and in respect to a large quantity of other lands, standing on the same footing as those described in this proceeding, but which had never been assessed for taxation; and that the company and the county came to an amicable agreement, which failed of consummation only because of the state auditor's refusal to approve it; and that on such refusal, and on December 27, 1887, the company applied to the district judge for a certificate, under Gen. St. 1878, *c.* 11, § 80, which was refused.

*J. M. Gilman*, for plaintiff in error.

*Geo. W. Somerville* and *Lind & Hagberg*, for defendant in error.

GILFILLAN, C. J. This controversy arose in proceedings to enforce payment of taxes on real estate in the county of Brown. The defendant, owner of certain lands embraced in the proceedings, appeared, answered, and defended against the taxes appearing in the delinquent list upon those lands. After the court below had decided against the defence thus made, the defendant applied to the judge of that court to certify the proceedings to this court, under the statute, and he declined. The defendant thereupon applied to this court for a writ of *mandamus* requiring him to so certify the proceedings. Upon an order to show cause why the writ should not issue, we held that inasmuch as the statute (Gen. St. 1878, *c.* 11, § 80) provides that

the court trying such proceedings may send its statement of facts and decision upon any defence or objection of this court, "if, in its opinion, the point is of great public importance, or likely to arise frequently," and as the writ of *mandamus* to a court can be issued only to require it to act in a matter properly before it for determination, and not to direct what the determination shall be, nor to coerce its judgment thereon, and as the court below had acted on the defendant's application, the writ could not issue.   It was to be presumed that the application was denied for reasons sufficient in the judgment of the court.   The order to show cause was therefore discharged. The defendant thereupon sued out the writ of *certiorari*.   On its return a motion to quash it was made, on the ground that it will not lie in such cases.

The statute gives no appeal in proceedings to enforce taxes against real estate, and, in case the court below declines to certify its statement of facts and decision, as provided in the statute, there is no mode of bringing the record and proceedings to this court for its determination except by *certiorari*.   The constitution (section 2, art. 6) provides that this court shall have "appellate jurisdiction in all cases, both in law and equity."   This provision has been generally understood to mean that, in all judicial proceedings, the judgment which finally determines the rights of the parties is subject to review by this court, and we so hold.   The legislature may prescribe the mode by which a cause is to be brought to this court, either by appeal or otherwise, and either directly from the court first determining it, or after a rehearing before some other court; but it cannot deprive a party of the right to bring the cause in some manner to this court. If no other mode is given by statute, this court may assert and exercise its appellate jurisdiction by means of the writ of *certiorari*.   We therefore decided, on the motion to quash, that in proceedings such as these, if the court below declines, on a proper application made to it, to certify the matter under the statute, the writ of *certiorari* may issue.

Objection was made that, by delay in applying for the writ after the decision of the court below, (from August 2, 1887, to February 2, 1888,) the defendant had lost its right to it.   There is no fixed

time within which the application ought to be made. Undoubtedly, it ought to be made promptly. The delay in this case was sufficiently excused. The objection that the writ was directed to the judge of the court, instead of to the court, goes only to matter of form, and is not well taken. Where there is a proceeding in a court, and it has but one judge, he has the direction and control of the record; and the mandate of this court requiring him, as such judge, to certify the record and proceedings of this court, is, in substance and effect, a direction to his court to so certify. The motion to quash is denied.

The defendant interposed three defences to the taxes: *First*, that the lands were exempt from taxation; *second*, that, as to the taxes for some of the years included in the delinquent list, the right to enforce them was barred by the statute of limitations; *third*, that the auditor had no authority to include in the delinquent list filed any taxes but those which became delinquent in the year in which the proceeding was commenced.

The lands accrued to, and the title become vested in, the Winona & St. Peter Railroad Company, as the successor of the Transit Railroad Company, to which company they were granted by the legislature of the territory by subchapter 2 of chapter 1 of the acts passed at the extra session of 1857; section 4 of which subchapter provided that "the said lands so granted shall be and are exempted from all taxation until the same shall have been sold and conveyed by said company." We had occasion to construe this clause in *State* v. *Winona & St. Peter R. Co.*, 21 Minn. 472, in which we held that when the company has sold the lands, and received the proceeds, and retains no lien upon nor actual interest in them, even though it retains the naked legal title only as trustee for the purchaser, it has "sold and conveyed" them within the intent of the clause, and they at once become subject to taxation. The legal title to the lands became vested in the Winona & St. Peter Railroad Company prior to the levy of the tax for the year 1877, the first tax appearing on the delinquent list filed. That company had made, in 1867, a contract with A. N. Barney and his associates, upon a consideration already fully received by the company, to convey the lands to them, or to such person or persons, in such manner, and from time to time, as might be

desired by Barney and his associates. This is the same contract considered in the case referred to, in which we held that, as the entire consideration for the sale of the lands had been received by the company before the contract was made, it was a sale of the lands, with a covenant to convey, passing the equitable title to the purchasers, so that, upon acquiring the legal title, the company should hold it solely as trustee for them. The lands in controversy here were included in that contract. The defendant does not question that decision, but claims there is a distinction between that case and this, in this: that in that case the contract sufficiently identified the lands included in that tax proceeding, so that no question could be made that those specific lands belonged to the purchasers, while, as to the lands taxed in this proceeding, a controversy arose as to the quantity to which the purchasers were entitled under the contract, and as to the specific lands to be taken to make up that quantity; and upon that controversy a suit was brought by Barney and associates against the railroad company, in the circuit court of the United States, in which it was not finally determined that these lands passed to the plaintiffs in that suit until the final decree of that court, entered in March, 1887, directing, at the request of the plaintiffs therein, that the railroad company convey the lands to this defendant.

The conclusion which the defendant insists upon, to wit, that there was no sale and conveyance of the lands by the company, within the meaning of the exempting clause in the act granting the lands, as it has been construed by this court, till the entry of the decree in the circuit court, does not follow. That decree created no rights; it only declared the rights created by the contract, and existing prior to the commencement of the suit, and enforced them by compelling a conveyance of the legal title. The equitable title to the lands designated in the decree passed to the purchasers under the contract as soon as the title to them vested in the railroad company. The decree could not otherwise have been made. The existence of any misunderstanding between the parties as to the effect and extent of the contract, and as to the specific lands covered by it, or as to the rights of the purchasers under it, did not affect the rights created by it. Nor did the bringing of the suit have any such effect. The only effect of the

decree was to dispose of any misunderstanding as to what rights the purchasers had under the contract, to declare to what lands they were entitled, and to direct a conveyance of the legal title. The lands were therefore subject to taxation, as were those covered by the decision of this court referred to.

The bar to some of the taxes in the list is claimed under Gen. St. 1878, c. 66, § 12, which reads: "The limitations prescribed in this chapter for the commencement of actions shall apply to the same actions when brought in the name of the state, or in the name of any officer, or otherwise, for the benefit of the state, in the same manner as to actions brought by citizens." Preceding sections in the chapter divide actions into various classes according to their character, and prescribe the time of limitation for each class. There are none of them analogous to proceedings to enforce payment of taxes. It cannot be said that such a proceeding is the "same action" as any of those mentioned in such sections. As a statute does not operate against the state unless there be an express provision or necessary implication to that effect, the section referred to cannot be construed to apply to proceedings to collect taxes.

The third defence is based on these facts: The taxes were duly levied and assessed for each year from 1877 to 1885, inclusive; but, for some reason not explained, the county auditor did not enter them in any of those years—not till 1887—in the list of delinquent taxes filed by him in the office of the clerk of the district court. Ordinarily, the delinquent list filed in any year includes only the taxes becoming delinquent in that year. Inserting taxes delinquent in prior years is of course exceptional, and it can only be done when authorized by the statute. Gen. St. 1878, c. 11, § 113, provides that, when a tax is prevented from being collected for any year or years by reason of any erroneous proceedings or other cause, the amount of such tax shall be added to the tax on the property for the next succeeding year. Section 70, same chapter, prescribes what the delinquent list filed with the clerk shall contain,—among other things, "the amount of tax and penalty for each year opposite such description,"—and requires the affidavit verifying the list to state "that the same is a correct list of taxes for the year or years therein appearing." And sec-

tion 75, relating to defences, provides that, "if the list shall embrace the taxes for two or more years, the defence or objections may be to the taxes or penalty for one or more of such years." The taxes in issue here come directly within these provisions, and they were properly in the delinquent list in which they were included.

The decision of the court below is affirmed.