County of Brown *vs.* Winona & St. Peter Land Company.[1]

November 12, 1888.

Taxation—Assessment—Omitted Taxes — Penalties. — Gen. St. 1878, *c.* 11, § 113, as amended by Laws 1881, *c.* 5, § 1, providing for assessing taxes upon property for past years in which such taxes had not been assessed, does not authorize the including in such assessment of penalties for such years.

In the year 1886, certain lands of the defendant, which had not theretofore been assessed for taxation, were assessed for taxes for prior years, some for each year from 1869 to 1886, others from 1870, from 1881, and from 1878, respectively, to 1886, each parcel being

[1] See note, *ante,* p. xx.

assessed for each year subsequent to its conveyance by the state to the Winona & St. Peter R. Co. And in each case there were added to the taxes assessed interest and penalties at the statutory rate. On application to the district court for Brown county for judgment against the lands, the Winona & St. Peter Land Co. made answer, and objected to the taxes, interest, and penalties. The objections were overruled by *Webber,* J., and judgment was ordered for the full amount of taxes, penalties, and interest charged against each parcel of land in the delinquent list. The case was thereupon, at the request of the Land Company, certified to this court, pursuant to Gen. St. 1878, c. 11, § 80.

*Moses E. Clapp,* Attorney General, and *Lind & Hagberg,* for plaintiff.

*J. M. Gilman,* for defendant.

GILFILLAN, C. J. The point made by the defendant that the lands involved were exempt from taxation was decided adversely to the defendant in *State* v. *Winona & St. Peter R. Co.,* 21 Minn. 472, and *County of Brown* v. *Winona & St. Peter Land Co.,* 38 Minn. 397, (37 N. W. Rep. 949,) which decisions we adhere to. Following the decision in the latter case, we hold that the statute of limitations is no bar to the right of the state to assess the taxes on lands for years in which they were omitted from the assessment.

The statute, (Gen. St. 1878, c. 11, § 113,) as amended by Laws 1881, c. 5, § 1, provides that "if any real or personal property shall be omitted in the assessments of any year or years, and the property shall thereby escape taxation, when such omission shall be discovered the county auditor shall enter such property on the assessment and tax books for the year or years omitted, and shall assess the same, and extend all arrearages of taxes properly accruing against said property, with seven per cent. interest thereon from the time said taxes would have become delinquent, and the same shall be extended against such property on the tax-list for the current year." From the certificate of the findings of fact by the court below it appears that the amount of taxes inserted in the list was made by assessing taxes, interest, and penalties for each year in which the assessment had been omitted. The defendant complains only of the penalties

thus added to the taxes each year. Without inquiring whether the legislature could impose a penalty for non-payment of a tax while one has no opportunity to pay it, it is enough to say it has not assumed to do so. There is no warrant in the statute we have quoted for including penalties in the amount assessed. The answer may be insufficient to entitle the defendant, on the trial below, to prove that such penalties were included, if the evidence had been objected to; but the fact is found, and we must presume it was so found on evidence admitted without objection. The court below will ascertain how much penalties were so included in the assessment, and exclude the amount of them from the amount of the judgment.