COUNTY OF REDWOOD *vs.* WINONA & ST. PETER LAND COMPANY.

December 12, 1889.

After the decision in·this cause (40 Minn. 512, 42 N. W. Rep. 473) application was made to the district court for Redwood county, for a modification of its judgment to accord with the opinion of this court, and thereupon it was ordered by *Webber*, J., that the judgment theretofore entered be vacated, and it was—

"Ordered further that for the amount of taxes heretofore assessed and levied against said several pieces or parcels of land by the auditor of said county in the year 1886, for the year 1880 and all subsequent years, and now appearing on said delinquent lists, the said lands are liable, but not for any interest or penalties appearing thereon; and that the same is a lien," etc., and that, unless paid, the lands be sold, etc.    On application of defendant the entry of judgment was stayed, and the case certified to this court.

*Moses E. Clapp,* Attorney General, for plaintiff.

*J. M. Gilman* and *Tawney & Randall,* for defendant.

*By the Court.*. This case is certified up to determine whether the taxes for the year 1880 (not assessed until 1886) were barred by the statute of limitations prior to the filing of the delinquent list in January, 1888, with the clerk of the district court.    In two similar cases from Brown county, in which the delinquent lists were filed in January, 1887, and January, 1888, respectively, we held·that the tax for 1879 in the one case, and that for 1880 in the other, were not barred, for the reason and upon the ground that the amendment of sections 69, 70, *c.* 11, Gen. St. 1878, by sections 15, 16, *c.* 2, Laws 1885, had the effect to extend the time within which to commence proceedings to enforce these taxes (which would otherwise have expired in June) until the following January.    *County of Brown* v. *Winona & St. Peter Land Co.,* 38 Minn. 397, (37 N. W. Rep. 949;) *Same* v. *Same,* 39 Minn. 380, and note, (40 N. W. Rep. 166.)    We are not disposed to reconsider or overrule what was decided in those cases.    Such being

the effect of the amendment of 1885, it follows, from the express terms of the act, that the auditor had until January 20th to file the delinquent list with the clerk.

Judgment affirmed.