### A. B. DAMON v. TOWN BOARD OF TOWN OF BALDWIN.[1]

June 28, 1907.

Nos. 15,194—(172).

**Highway—Notice of Hearing.**

    A town road order was served by reading to the party served all of the original order except the description of the property affected, and by handing to and leaving with him a correct copy of the original, except as to the date of the hearing, which was omitted. *Held* personal service, within the requirements of section 1172, R. L. 1905.

In the matter of a petition for the location of a highway, A. B. Damon appealed to the district court for Sherburne county from an order of the supervisors of the town of Baldwin establishing a highway. The appeal was heard before Giddings, J., and a jury, which affirmed the order and assessed the damages in the sum of $50. Whether there was the personal service of the notice of the order for hearing required by statute was reserved as a question of law to be decided by the court, who found that the service was not made as required by statute and that the order establishing the highway was null and void. From a judgment entered pursuant to the findings, the town of Baldwin appealed. Reversed.

*E. L. McMillan,* for appellant.

*Charles S. Wheaton,* for respondent.

    [1]Reported in 112 N. W. 536.

LEWIS, J.

The town board of Baldwin, Sherburne county, Minnesota, issued an order laying out a highway, as prescribed by section 1172, R. L. 1905. The order, in accordance with the statute, fixed the time and place of hearing, and was served upon respondent at his residence by a resident of the town in the following manner: By reading to him personally the original order down to the description of the property, and by handing to and leaving with him personally a copy of the order, which was a correct copy in all respects, with the exception that the date of the meeting was omitted. The place of meeting was at respondent's own house, and it was so stated in the copy.

The question before us is whether such service was personal service, within the meaning of section 1172, which provides that: " *   *   * The petitioners shall cause personal service of such order to be made upon each occupant of such land at least ten days before such meeting, and also cause ten days' posted notice thereof to be given." The proceedings here involved were commenced after the revised laws of 1905 went into effect, and the sufficiency of the service is to be determined thereby. Section 1808, G. S. 1894, provided: " *   *   * Notice shall be served personally or by copy left at the usual place of abode of each of said occupants. *   *   *" Neither statute defined the meaning of "personal service"; but we shall assume that it has a well-defined legal meaning and has reference to two methods: First, by handing to and leaving with the party to be served a copy of the original; and, second, by reading the original to such party. It is conceded that if either one of these methods had been fully complied with the service would have been sufficient; that is, service would have been good if the party serving had read to appellant the entire original road order, without leaving with him any copy, or if he had handed to and left with him a correct copy of the original order, without reading any portion of it to him. The learned trial court came to the conclusion that the failure to fully comply with one of the two recognized methods was no service at all.

Our attention has not been called to any case where this particular question has been under consideration; but it is a well-recognized rule that, where the statute prescribes the method of service, such method must be pursued. Such is the rule stated in Town of Lyle v. Chicago, M. & St. P. Ry. Co., 55 Minn. 223, 56 N. W. 820; but there no notice

whatever was served upon the defendant. In the case of Thompson v. Town of Berlin, 87 Minn. 7, 91 N. W. 25, the place of meeting was fixed in the notice at the northwest corner of section 10, but omitted to state the township or range. The court held there was substantial compliance with the statute, and that it was evident, from a consideration of the entire notice, that the party could not be misled as to the place of meeting. Although the statute prescribes the manner in which summons in a civil action shall be served, yet it was held in Lee v. Clark, 53 Minn. 315, 55 N. W. 127, that the omission of the names of plaintiff's attorneys in the copy of the summons was at most a mere irregularity, and not a jurisdictional defect, since it appeared that the original complaint and summons were properly signed, and a copy of the complaint served upon the defendant. The statute does not define what shall constitute personal service. The place of meeting was at respondent's own house. It was so read to him from the original, and that fact was expressed in the copy. By the reading he was informed of the correct date of the meeting, and, although that date was omitted from the copy left with him, there is no substantial ground for the claim that he was not furnished with all the information pertaining to the time of the meeting.

The cases referred to show that the courts recognize the fact that it is not always possible to adhere to the letter of the law in such matters, and that the doctrine of service is based upon the theory of substantial compliance. And in this case what more would respondent have known if the entire order had been read to him? The most accurate method of serving the notice, so far as the description of the real estate is concerned, was followed by handing to him a copy of the original. There is no evidence that respondent was not informed as to the date, or that he was in any manner misled by its omission from the copy, or by the fact that the description was not read to him from the original. We hold that the service was sufficient.

Judgment reversed.