## IN RE JUDICIAL DITCH NO. 2, HOUSTON COUNTY.[1]

### No. 24,549.

### February 6, 1925.

**Time for issue of writ of certiorari.**

A. The 60 days allowed by section 8313, G. S. 1913, for issue of writ of certiorari to review an order or proceeding of court, begins to run from time of service of written notice of the order or proceeding upon the party adversely affected, or upon his attorney, and actual notice does not take the place of such written notice.   [Reporter]

### June 5, 1925.

**Mistaken finding may be corrected by judge's successor in office.**

1. Where the sitting judge makes an order in a preliminary hearing in a judicial ditch proceeding, under section 9283, G. S. 1923, and, through mistake, inserts a finding not intended, such mistake may be corrected by his successor in office.

**Whether such mistake was made question of fact for trial court.**

2. Whether there was such a mistake, was a question of fact to be determined by the court below, and will not be interferred with by this court upon appeal or certiorari—nothing appearing in the record requiring a different opinion.

A.   See Certiorari, 11 C. J. p. 145, § 131 (1926 Anno).
1.   See Drains, 19 C. J. p. 665, § 120.
2.   See Certiorari, 11 C. J. p. 203, § 363.

After the order of December 28, 1922, in the district court for Houston county of Meighen, J., mentioned in the third paragraph of the second opinion below, the Chicago, Milwaukee & St. Paul Railway Company, town of Crooked Creek, county of Houston and 18 petitioning landowners for the ditch, moved that paragraph 7 of that order be stricken therefrom and paragraph 11 be amended to provide that the engineer shall report further to the court upon

[1]Reported in 202 N. W. 52; 204 N. W. 318.

the matters referred to in paragraph 11. The motions were heard by Peterson, J., who on November 21, 1923, granted them on the ground of mistake in entering the order of December 28, 1922, struck out paragraph 7 and ordered that paragraph 11 be amended by directing the engineer to make further report to the court.

Upon the relation of Ed. Theobald and other petitioners for the ditch, the supreme court granted its writ of certiorari directed to the district court for Houston county and Honorable Norman E. Peterson, judge thereof, to review the order of November 21, 1923. A motion to dismiss the writ was denied and the action of the district court was affirmed.

*Bennett O. Knudson* and *William P. Sturtz,* for relators.

*F. W. Root, Charles P. Sutherland, George Bunge, William E. Flynn,* and *A. E. Sheridan,* for respondents.


On February 6, 1925, the following opinion was filed:

PER CURIAM.

The motion to vacate and set aside the writ of certiorari issued to review an order of the district court of Houston county in a judicial ditch proceeding, must be denied.

The order bears date November 21, 1923. Written notice of the filing of the order was not served on the attorneys for the petitioners for the ditch, but a copy of the order was mailed to them by the clerk of the district court. The writ of certiorari was issued more than 60 days thereafter. Section 8313, G. S. 1913, limits the time within which the writ may be issued to 60 days after the party applying for the writ shall have received due notice of the proceeding sought to be reviewed thereby.

To set at rest differences of opinion among members of the bar as to the meaning of this provision, it is proper to say that the construction we place upon section 8313 is that the time within which the writ may be issued does not begin to run until written notice of the order or other proceeding to be reviewed has been served upon the party adversely affected or his attorney, and that actual notice does not take the place of such written notice.

This construction has the merit of doing away with disputes as to whether or not a party had actual notice, and will establish a uniform rule of practice with respect to appeals from orders under section 8000, G. S. 1913, and the sections of the statute relating to writs of certiorari.

Motion denied.

On June 5, 1925, the following opinions were filed:

QUINN, J.

Certiorari to the district court of the Tenth judicial district to review the proceedings had in the matter of Judicial Ditch No. 2 of Houston county.

In 1922 a petition in due form was filed with the clerk of the district court of Houston county and an engineer appointed to make a survey and report of the proposed ditch. The survey was made and the report thereof filed in November. A hearing upon the petition and report was duly called and held on December 9, 1922, which consumed three days' time. The interested parties appeared with their counsel and much testimony was adduced, at the conclusion of which the presiding judge announced, in open court, that it was his opinion that the matter should be resubmitted to the engineer for a further survey and report in order to determine whether the proposed ditch might not be constructed wholly along one side of the right of way of the Chicago, Milwaukee & St. Paul Railway Company and thereby avoiding crossing such right of way, and also avoiding the leaving of a narrow strip of ground between the ditch and the railway right of way. The hearing was then terminated without any further proceedings.

The proceedings were before Judge John F. D. Meighen, whose term of office was to expire on January 1, 1923. On December 28, 1922, in closing his official work, he filed an order in said ditch proceeding, which in form was such as to establish the proposed ditch as detailed in the report of the surveyor, as filed prior to the hearing of December 9. Paragraph 7 of the order was as follows:

"That the proposed improvement set forth in said petition, as modified and recommended by the engineer in his said report on

file in said clerk's office, is practical; that there is necessity therefor; that it will be a public benefit and promote the public health; that it has an outlet of sufficient capacity; that the assessable benefits to result therefrom will substantially exceed all costs, damages and expenses of said ditch from its initiation to completion; that it is feasible and a public necessity."

Paragraph 11 of the order is as follows:

"In making said detailed survey and report said engineer shall investigate and report upon the practicability of constructing the main line of the proposed ditch parallel with and adjoining the right of way of the Chicago, Milwaukee & St. Paul Railway Company in so far as such construction will not interfere with the efficiency of the proposed improvement, and shall further investigate and report upon whether the proposed ditch can be constructed wholly upon one side or the other of said railroad right of way, without interfering with its efficiency."

Nothing was done, after the filing of such order, toward the carrying out of Judge Meighen's order with reference to a further survey and report, nor was any notice of the filing of the order of December 28 given to any of the objectors to the ditch or to their attorneys. In November, 1923, the four motions here involved were made to Judge Peterson, the successor to Judge Meighen, asking that paragraph 7 be stricken from the order of December 28 upon the ground that the same was placed therein by inadvertence and mistake. The motions were submitted upon the moving papers. No oral testimony was taken. As stated by the judge, the order correcting the order of Judge Meighen was based upon the moving papers, statements of counsel and their oral arguments.

The ditch proceeding was under the act of 1917. At the preliminary hearing on December 9 a large number of witnesses were examined, including engineers upon both sides of the controversy. Judge Meighen was not satisfied as to the feasibility of the project as planned and so expressed himself to all of the parties present in court. The proposed route of the main ditch crossed the right of way twice and left a narrow strip of land, nearly its entire distance,

containing about 88 acres, which would be of but little use without the building of a number of bridges across the ditch which would be, if constructed according to the plan, about 60 feet wide. The motions to have paragraph 7 stricken from the order were sub-mitted without any attempt to challenge any statement made in the moving papers.

Relator's contention is, as we understand, that under the provisions of G. S. 1913, § 5526, as amended by L. 1917, p. 695, c. 441, § 5, if the court had not found as recited in paragraph 7, the proceeding should have been dismissed. We do not so construe the statute. If the judge was not satisfied as to the feasibility of the project, as outlined in the report of the engineer, it was his duty, in the exercise of a fair discretion, to resubmit the matter to the engineer for further survey and report, so as to inform the court and enable the judge to arrive at a final conclusion as to the feasibility of the improvement.

As stated by counsel for relator, the provisions with reference to the feasibility and the benefits and costs and all other findings of paragraph 7 are contained in the engineer's report. This is the same report which was before the court at the hearing on December 9. It has never been changed, but it was not satisfactory to the court, and the objections thereto were clearly pointed out by the judge at the time and the hearing ended. It might have been adjourned to a future date to enable the engineer to make further survey and report. The order under review points out very clearly that it was granted upon the ground of mistake in the order of December 28, 1922. It does not appear that there have been any intervening rights of third parties that might be affected by the correction.

Whether there was a mistake in the order of December 28 was a question of fact, to be determined by the present judge upon the showing made, and, if there was a mistake made, it may be corrected. Section 9283, G. S. 1923, provides that the court may, for good cause shown, modify or set aside its judgments, orders or proceedings, whether made in or out of term, etc. It was found, as a matter of fact, by the court below, that a mistake was made, as

contended for by the respondents, in the order of December 28. That finding is binding upon this court, there being nothing in the record requiring a different opinion.

Affirmed.

WILSON, C. J., and DIBELL, J. (dissenting.)

We agree that a court may correct clerical errors; and that it may correct its mistakes so that the record shall speak the truth concerning its decision. It cannot correct, under any guise, judicial error after the time for review has passed.

The hearing was on December 9, 1922, and lasted for a few days. On December 28, 1922, Judge Meighen filed his order. Time enough had elapsed for mature deliberation. The order might have been reviewed by certiorari. It was not. Ten or eleven months afterwards it was amended, upon a weak showing by affidavits, by striking out paragraph 7. The theory was that it was not intended to include it. This paragraph finds the statutory facts. It is not inconsistent with paragraph 11; and both 7 and 11 are consistent with the intervening paragraphs 8, 9 and 10. The five paragraphs are interwoven and complete. If the court had not intended 7, it would not have made 8, 9, 10 and 11. By paragraph 11 the engineer was charged with the duty of investigating whether without impairing efficiency the ditch could parallel and immediately adjoin the right of way of the Milwaukee railroad and be wholly on one side or the other, and report to the court. The object was to prevent, if it could be done without impairing efficiency, the waste and inconvenience from cutting up the farms, and the expense of bridges; and this was something proper to be done, in the way provided by paragraph 11, at least after the 1917 amendment to the drainage statute. Judge Meighen intended to establish the ditch. Under the claim that he did not, and without judicial review of his order, the respondents are seeking and perhaps getting a different determination.

For these reasons we dissent.