F. M. RIDGWAY v. C. H. VAUGHAN.[1]

December 30, 1932.

No. 29,055.

[1]Reported in 246 N. W. 115.

 

*F. M. Ridgway*, pro se.

There was no appearance made or brief filed in this court on behalf of respondent.

DIBELL, J.

The action was brought in the conciliation court of Minneapolis. G. S. 1923 (1 Mason, 1927) § 1377, et seq. The statement of claim was informal but amounted to this: That the plaintiff was entitled to a chair which she had bailed to the defendant for the purpose of having it repaired. The defendant admitted that he had possession of the chair and claimed that he was entitled to five dollars for repairs. The conciliation court found for the defendant.

The plaintiff then demanded a removal to the municipal court of Minneapolis pursuant to the provisions of the statute. In the municipal court the case assumed the form of an action of replevin, and the defendant counterclaimed for five dollars due for work upon the chair and claimed five dollars for storage. The counterclaim was not quite in conformity with the statute, but no objection was made and the case went to trial. There was judgment for the defendant. Certiorari was then issued from this court to review the judgment of the municipal court.

█ The statute has been amended several times. It always has provided that there shall be no appeal from the municipal court in an action brought there on removal from the conciliation court and that the judgment shall be final. In Flour City F. & T. Co. v. Young, 150 Minn. 452, 185 N. W. 934, we referred to this provision with the suggestion that under the doctrine of County of Brown v. Winona & St. Peter Land Co. 38 Minn. 397, 37 N. W. 949, there is a constitutional right to review in the supreme court notwithstanding the failure of the statute to provide for an appeal or deny one, the evident reference being to certiorari as offering the method of review. And in Halsey v. Svitak, 163 Minn. 253, 203 N. W. 968, certiorari was adopted as an appropriate method of review. We

mention these two cases and the result of the latter one so that it may be understood that certiorari gives a constitutional method of review though the statute says there shall be no appeal.

■ The amount involved is small. The plaintiff bailed to the defendant a chair that repairs might be made upon it. It was agreed that the repairs would cost five dollars; and the only matter of dispute between the parties is whether the plaintiff was to call for the chair when the work upon it was done, or whether the defendant, when the repairs were finished, should deliver it to the plaintiff. The repairs were long ago finished, and storage charges have accrued if the defendant is right in his contention. The cost of getting it or delivering it was small.

The question involved was one solely of fact. Each party testified in his own interest. The jury found for the defendant. The verdict is a trifle irregular in form, but the parties did not object. There were some irregularities at the trial, but the parties did not consider them of consequence then and should not be allowed to do so now. Substantial justice has been done, and the judgment should end the controversy.

The respondent did not present a brief or otherwise appear in this court, and statutory attorney's fees are not allowed him.

Writ quashed.