VICTOR A. WARNER v. A. G. ANDERSON, INC.[1]

December 11, 1942.

No. 33,185.

---

[1]Reported in 7 N. W. (2d) 7.

*Leslie S. High,* for relator.
*A. J. Zoerb,* for respondent.

HILTON, JUSTICE.

*Certiorari* to review a judgment of the municipal court of Duluth.

The defendant company was engaged in general construction work and had a general contract to remodel an apartment building. Plaster work being required, the plaintiff offered to lath and plaster the apartment building according to the plans and specifications and to furnish the labor and material for the sum of $275. This offer was accepted, and plaintiff entered upon the performance of the work. Plaintiff claims that much extra work,

not covered by the plans and specifications, was done by him. He presented a bill to the defendant's manager for $686.20. The bill contains the statement: "Labor and material as actually furnished because of additional requirements and constituting drastic modification and nullification of original estimate as required by and [on] behalf of owner." Plaintiff testified that this amount was compromised, the defendant to pay only $560. Defendant made various payments totaling $250. Also, defendant paid $210 to a builder's supply company for materials that went into the premises to secure a lien waiver in order that it could collect under its general contract with the owners of the apartment. There is some testimony to the effect that, in order to get a lien waiver from the plaintiff, defendant was required to pay the plaintiff $100 of the $250 mentioned above. Upon removal from the conciliation court of Duluth to the municipal court, judgment was entered for the defendant sustaining its counterclaim of $185.

In a prior hearing on this case, Warner v. A. G. Anderson, Inc. 212 Minn. 610, 3 N. W. (2d) 673, a per curiam opinion decided that review by *certiorari* was excluded. This was error under the Duluth Conciliation Court Act, L. 1927, c. 17, § 19(e), and the case of Ridgway v. Vaughan, 187 Minn. 552, 246 N. W. 115, which were not called to our attention on the prior hearing. We have recalled the remittitur and decided the case on the writ. The appeal in case No. 33,301 is dismissed.

The various assignments of error raise the question whether the findings of the trial court were contrary to the evidence. Our rule is that the findings of the trial court will not be set aside unless clearly or manifestly against the weight of the evidence or have no reasonable support in the evidence. Sommers v. City of St. Paul, 183 Minn. 545, 237 N. W. 427; 1 Dunnell, Dig. & Supp. § 411. Here the evidence shows that a building repair contract was made between the parties. There is no evidence that this original contract was cancelled or modified by the parties during the time the work was being done. The lower court found that the work and

material furnished by the plaintiff was done under and pursuant to the contract and that no extra work or material had been provided for which the plaintiff can claim additional compensation from the defendant. There is evidence upon which the court could reach this conclusion. Plaintiff claims that an agent of the owner of the building was on the job continually and required much extra work. This agent had no authorization from the defendant to change its contractual relationships. What happened between plaintiff and the representative of the owner was no concern of the defendant. Plaintiff also claims that there was a new agreement at the time he submitted the bill. This is denied. It was purely a fact question, with testimony both ways; and, under the above stated rule, we will not disturb the result.

The remaining question raised by the plaintiff is whether the answer of the defendant properly pleads a counterclaim. The action was commenced in the conciliation court of the city of Duluth. It was there that defendant interposed its counterclaim. It states, in effect, that defendant was compelled to pay the sum of $210 to satisfy certain liens against the property for material purchased by the plaintiff in connection with the work done and that by reason thereof the plaintiff is indebted to the defendant in the sum of $185. Pleading in these small claims courts need not follow the technical rules. L. 1927, c. 17, setting up the Duluth conciliation court, in § 16(b), provides that no formal pleadings shall be necessary and § 19(b) states that upon appeal to the municipal court "the claim of the plaintiff and the answer of the defendant appearing in the files shall stand as the complaint and answer respectively in such action." Under this procedure, the original statements of the various claims and answer will stand unless further particulars are requested by the other party.

Judgment affirmed.