Eugene BAHR, et al.,
petitioners, Appellants,

v.

CITY OF LITCHFIELD, et al., Charles
Schrum, et al., Respondents.

No. C9–86–1757.

Court of Appeals of Minnesota.

April 28, 1987.
Review Granted June 26, 1987.

Robert D. Schaps, Litchfield, for appellants.

Steven E. Drange, Litchfield, Ronald C. Anderson, Willmar, for respondents.

Heard, considered and decided by the court en banc, consisting of POPOVICH, C.J., and PARKER, WOZNIAK, SEDGWICK, LANSING, HUSPENI, LESLIE, NIERENGARTEN, RANDALL, CRIPPEN, STONE,* and MULALLY,* JJ.

## OPINION

LANSING, Judge.

Eugene Bahr and George Frelander appeal from the judgment entered in district court dismissing their petition for declaratory judgment, writ of certiorari and writ of mandamus. Their petition seeks review

* Acting as judges of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

of the procedures used by the Litchfield Police Civil Service Commission and the City of Litchfield to fill two sergeant positions in the Litchfield Police Department. We reverse and remand.

## FACTS

In April 1983 Litchfield Police Civil Service Commission gave notice to all police department employees of the opening of two sergeant positions. At the time, the department consisted of eight officers. Six officers initially competed for these positions—appellants Bahr and Frelander, respondents Charles Schrum and Dwight Schrum, and Officers Mike Hirman and Herman Klitzke. All six participated in the oral and written examinations conducted by the commission. Officer Klitzke later removed himself from consideration.

The commission claims that all applicants passed and were ranked according to their performance on the examination in the following order: (1) Charles Schrum; (2) Mike Hirman; (3) Dwight Schrum; (4) George Frelander; and (5) Eugene Bahr. The commission, however, had no written method or system for scoring the examinations. None of the officers received a raw score. Bahr and Frelander allege that the candidates' names were not written down in the order of their standing on the commission's eligibility register, as required by Minn. Stat. § 419.06(4). Although the commission denies this allegation, it concedes that the three names standing highest on the list were not certified.

On August 26, 1983, the commission appointed Charles and Dwight Schrum, who are brothers, to the sergeant positions. Written notice of the appointments was posted that same day on a bulletin board in the Litchfield Police Department office. Bahr and Frelander admitted reading the posted notice. However, neither was personally served or mailed written notice.

Sixteen months later, in February 1985, Bahr and Frelander sought a writ of man-

damus directing that the sergeant positions be declared open, requiring the commission repeat the application process in compliance with statutory requirements, and vacating the Schrums' appointments. The court issued an alternative writ and order to show cause. The trial court conducted a hearing, quashed the writ and dismissed the action in May 1985. In its memorandum accompanying the order, the court explained that Bahr's and Frelander's remedy was through a writ of certiorari, which they had failed to bring in a timely manner.

Bahr and Frelander moved the court to amend its order to provide that the dismissal be without prejudice to any further proceeding which they might bring to test the validity of the commission's selection process. On August 13, 1985, the court amended its order as requested, noting that the time for issuing a writ of certiorari does not begin to run until a party has been served with written notice.

Four months later, in December 1985, Bahr and Frelander served the City of Litchfield and the Schrums with a petition for declaratory judgment, writ of certiorari and writ of mandamus, seeking substantially the same relief as their earlier petition. The petition was filed in district court on April 22, 1986. A hearing was held on May 19, 1986, on the parties' cross-motions for summary judgment. The trial court concluded that Bahr's and Frelander's petition was barred by laches and dismissed the petition with prejudice.

## ISSUES

1. Is personal service of written notice required to commence the 60–day statutory time limit within which a writ of certiorari may be issued?

2. Did the trial court err in determining that appellants' petition was barred by laches?

3. Are appellants entitled to summary judgment on their claims against respondents?

## ANALYSIS

### I

■ Minnesota's Police Civil Service Commission Act provides a six-year statute of limitations for challenging a police commission's certification of any person to fill a ·vacancy. Minn.Stat. § 419.181 (1986). The Act, however, contains no provision for judicial review. In these circumstances judicial review is provided by certiorari under Minn.Stat. § 606.01, *Plunkett v. First National Bank of Austin*, 262 Minn. 231, 248, 115 N.W.2d 235, 246 (1962), which provides:

> No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received *due notice* of the proceeding sought to be reviewed thereby.

Minn.Stat. § 606.01 (1986) (emphasis added).

■ Bahr and Frelander acknowledge that they had actual notice, but maintain that this is not due notice under the statute. The supreme court construed the term "due notice" in the statutory antecedent to section 606.01 and held that personally served, written notice is necessary to set the statutory time limitation running:

> To set at rest differences of opinion among members of the bar as to the meaning of this provision, it is proper to say that the construction we place upon section 8313 is that the time within which the writ may be issued does not begin to run until *written notice of the order or other proceeding to be reviewed has been served upon the party adversely affected or his attorney, and that actual notice does not take the place of such written notice.*

*In re Judicial Ditch No. 2, Houston County*, 163 Minn. 383, 384, 202 N.W. 52, 53 (1925) (emphasis added). The commission's posting written notice does not satisfy the due notice requirement of Minn.Stat. § 606.01, even though it resulted in actual notice to Bahr and Frelander. *State ex rel. Kruse v. Webster*, 231 Minn. 309, 313, 43 N.W.2d 116, 119 (1950). The 60–day time limit did not begin to run, because Bahr and Frelander were not personally served with written notice of the Schrums' promotions.

## II

The trial court held that the petition was barred by laches. Laches is an equitable doctrine intended to prevent one who has not been diligent in asserting a known right from recovery at the expense of one who has been prejudiced by the delay. *Aronovitch v. Levy*, 238 Minn. 237, 242, 56 N.W.2d 570, 574 (1953). The doctrine, however, has no application when a party is seeking a legal remedy upon a legal right and the remedy is not otherwise barred by the statute of limitations. *Id.* at 241, 56 N.W.2d at 573–74. No names were certified by the commission; thus, the statutory six-year limitations period did not begin to run. Minn.Stat. § 419.181. The petition challenging the selection process is not outside the limitations period. Laches is inapplicable and the trial court erred in dismissing Bahr's and Frelander's petition on that basis.

## III

Bahr and Frelander argue that they are entitled to summary judgment on their claims. Summary judgment is not appropriate when questions of fact exist on whether the police commission complied with the statutory requirements in making its selections.

Bahr and Frelander are entitled to issuance of a writ of certiorari. Although a writ is discretionary, when the proceedings sought to be reviewed are strictly legal in nature, and when no other mode of appeal is provided, the writ should issue. *See In re Appeal of O'Rourke*, 300 Minn. 158, 170–71, 220 N.W.2d 811, 818–19 (1974) (explaining *County of Brown v. Winona & St. Peter Land Co.*, 38 Minn. 397, 399, 37 N.W. 949, 950–51 (1888)).

## DECISION

The judgment of the trial court is reversed. The case is remanded and the trial court is instructed to issue the writ of certiorari and to proceed with a review of the police commission's selection process.

Reversed and remanded.

WOZNIAK, Judge (dissenting).

I respectfully dissent.

Personal service is not always necessary to satisfy the due notice requirement of Minn.Stat. § 606.01. Where a statute prescribes a method of service, such method must be pursued. *Damon v. Town Board of Town of Baldwin*, 101 Minn. 414, 415, 112 N.W. 536, 536 (1907). The statute here, however, is silent regarding a method of service. Moreover, the case law does not specifically require personal service. Both *In re Judicial Ditch No. 2*, 163 Minn. 383, 202 N.W. 52 (1925), and *State ex rel. Kruse v. Webster*, 231 Minn. 309, 43 N.W.2d 116 (1950), emphasize the importance that written notice plays in triggering the 60–day statutory limit, but do not mandate personal service.

Under the unique facts of this case, appellants received due notice when the *written* notice of the promotions was posted on the police bulletin board. The notice was directed to "Litchfield Police Officers" and sufficiently informed appellants of the results of the examination. In this respect, this case is unlike *Kruse* where no written information was sent or *furnished* to any applicant. *Id.* at 311, 43 N.W.2d at 118.

At the time of the promotions, the police force consisted of eight officers, five of whom competed in the examination. The notice informed the officers of the Schrums' promotions to the sergeant positions, such promotions naturally adversely affecting those officers not selected. If appellants wanted to challenge the promotions, they needed to bring a petition for a writ of certiorari within 60 days of the posting on August 26, 1983. They did not, and their petition should now be barred.

Furthermore, I believe the trial court was justified in holding that appellants' petition is barred by laches. In *Kruse*, the proceedings which petitioner sought to be reviewed were nearly identical to those here. There, the supreme court discussed petitioner's delay in bringing his action and the alleged prejudice resulting from the delay. *Id.*, 231 Minn. at 314–15, 43 N.W.2d at 120. Although the court rejected the arguments, that the court addressed them

indicates that laches is a viable defense where a police commission's selection process is being challenged.

Here, appellants waited 18 months before bringing their initial petition for mandamus. After the trial court advised them that certiorari was the proper avenue for review, appellants waited an additional four months before serving their petition on respondents, and they waited another four months before filing it in district court. Their delay is unreasonable and unaccountable, and they should not now be permitted to proceed at the expense of the Schrums, who have held their positions for almost four years and who have had to defend against this action.

POPOVICH, Chief Judge (dissenting).
I concur in Judge Wozniak's dissent.

NIERENGARTEN, Judge (dissenting).
I concur in Judge Wozniak's dissent.

RANDALL, Judge (dissenting).
I concur in Judge Wozniak's dissent.