Eugene BAHR, et al., Respondents,

v.

CITY OF LITCHFIELD, et al.,
Petitioners, Appellants,

Charles Schrum, et al., Respondents.

No. C9–86–1757.

Supreme Court of Minnesota.

March 18, 1988.

Steven E. Drange, Litchfield, for City of Litchfield.

Ronald C. Anderson, Willmar, for Charles Schrum.

Robert D. Schaps, Litchfield, for Eugene Bahr.

Stanley G. Peskar, Thomas L. Grundhoefer, St. Paul, amicus curiae, for League of MN Cities.

COYNE, Justice.

We granted the petition of the City of Litchfield and the Litchfield Police Civil Service Commission for further review to address the question of the requisite notice to commence the 60–day limitation period during which a writ of certiorari may issue to review a decision of a civil service commission. Minn.Stat. § 606.01 (1986). In reversing the trial court, the court of appeals held that the statutory time period does not begin to run until the party adversely affected is personally served with written notice of the order or other proceeding to be reviewed. *Bahr v. City of Litchfield,* 404 N.W.2d 381 (Minn.App. 1987). We reverse.

In April 1983, the Litchfield Police Civil Service Commission notified all police department employees that it was accepting applications for openings to promote two individuals to sergeant positions in the department. Among the candidates were Eugene Bahr and George Frelander, the initiators of this action, and the defendants-respondents Charles Schrum and Dwight Schrum.[1]

After conducting oral and written examinations, the commission ranked the candidates in the order of their performance and apparently certified the names of Charles Schrum and Dwight Schrum to the Litchfield City Council. Those two individuals were appointed to the two permanent sergeant positions, but prior to the formal announcement, all candidates were informed at a police department meeting on August 25, 1983, that the names of the appointees were to be posted in the department secretary's office the following day. On August 26, notice in the form of a memorandum from the Chief of Police was posted. There is no dispute that while both Bahr and Frelander read the posted notice in August 1983, neither of them was personally served with, or mailed, a copy of the notice.

In February 1985, after 18 months had elapsed, the plaintiffs petitioned for a writ

---

1. Two other applicants withdrew from consideration prior to the completion of the appointment process.

of mandamus vacating the Schrums' appointments and requiring a new application and examination process. The trial court, concluding that certiorari rather than mandamus was the proper method for obtaining review, quashed the writ. The trial court relied in part upon the 60–day limitation period contained in Minn.Stat. § 606.01 (1986) to further determine that the action was barred by the expiration of the statute of limitations. Nevertheless, the court later amended its order in August 1985 to provide that the quashing of the writ was without prejudice to the plaintiffs' commencement of separate proceedings to challenge the selection process.

Another four months passed and in December 1985, Bahr and Frelander filed a petition for declaratory judgment, for a writ of certiorari and a writ of mandamus seeking essentially the same relief as had served as the basis for their earlier petition for the writ of mandamus. The trial court granted summary judgment against the plaintiffs, determining that the petition was barred by laches.

The majority of a divided court of appeals reversed, holding that, for lack of personal service of notice, the petition for the writ of certiorari was not barred by the 60–day limitation period contained in Minn. Stat. § 606.01 (1986); that the petition was not barred by laches because it was brought within the 6–year limitation period of Minn.Stat. § 419.181 (1986); and that summary judgment was inappropriate because genuine issues of material fact remained concerning the commission's compliance with statutory requirements of the appointment process. *Bahr v. City of Litchfield*, 404 N.W.2d at 381.

In our view, the dispositive issue is whether the plaintiffs received "due notice" within the meaning of Minn.Stat. § 606.01 so as to commence the running of the 60–day limitation period during which the writ of certiorari may issue. Our inquiry is therefore limited to whether personal service of written notice of the order

or proceeding is necessary in the circumstances presented.[2]

The Police Civil Service Commissions Act, Minn.Stat. ch. 419, does not provide for judicial review of actions of local police commissions. Moreover, the Minnesota Administrative Procedure Act is inapplicable because the Litchfield Police Civil Service Commission is without "statewide jurisdiction." *See* Minn.Stat. § 14.02, subd. 2 (1986). It is therefore well established that the proper vehicle for obtaining judicial review of the commission's actions is a writ of certiorari issued pursuant to Minn. Stat. § 606.01 (1986). *See Plunkett v. First Nat'l Bank of Austin*, 262 Minn. 231, 248, 115 N.W.2d 235, 245–46 (1962); *State ex rel. McGinnis v. Police Civil Service Comm'n of Golden Valley*, 253 Minn. 62, 71, 91 N.W.2d 154, 160 (1958).

Section 606.01 provides:

606.01. Certiorari, Within What Time Writ Issued.

No writ of certiorari shall be issued, to correct any proceeding, unless such writ shall be issued within 60 days after the party applying for such writ shall have received due notice of the proceeding sought to be reviewed thereby.

While the "due notice" provision of the statute is not defined therein, judicial decisions have attempted to explain the nature of the notice required in the context of several kinds of proceedings.

In *In Re Judicial Ditch No. 2, Houston County*, 163 Minn. 383, 202 N.W. 52 (1925), this court examined a district court proceeding in which an order issued establishing a drainage ditch. After the issuance of an amended order, the clerk of court mailed a copy of that order to nonmoving petitioners, but written notice of the filing of the order was not served upon them. More than 60 days later, one of the nonmoving petitioners secured a writ of certiorari to review the amended order. In denying a motion to discharge the writ, this court reasoned that the time within which the writ may be issued does not begin to run

---

2. Plaintiffs have alleged a number of irregularities in the commission's examination and certification procedures. *See Bahr v. City of Litch-* *field,* 404 N.W.2d at 381. Because our disposition of the notice issue is determinative, we do not reach the merits of those allegations.

until written notice of the order or other proceeding to be reviewed has been served upon the party adversely affected or his attorney and that actual notice was not a proper substitute. *Id.* at 384, 202 N.W. at 53. The declared purposes of this rule were the elimination of disputes about whether a party had actual notice and the establishment of a uniform practice applicable to writs of certiorari, as well as appeals pursuant to the statutory predecessor of today's rules of appellate procedure. The practical result was the imposition of the same requirement of serving written notice of making and filing of the order in this judicial ditch proceeding as is mandated in other judicial proceedings.

Subsequently, in *State ex rel. Kruse v. Webster,* 231 Minn. 309, 43 N.W.2d 116 (1950), we addressed the notice issue in the context of a civil service proceeding involving the appointment of a police chief. There the police civil service commission did not furnish each applicant with a written report even though the commission's own rules required it to do so. While the failure of the commission to comply with its own rules would have justified the conclusion that the commission had not satisfied the "due notice" requirement of section 606.01, instead the court extended the holding of *Judicial Ditch No. 2* to require the service of written notice of the results of a civil service examination. We now conclude that that extension of the holding of *Judicial Ditch No. 2* was not only unnecessary to the decision in *Webster,* but also overbroad. Therefore, to the extent that *Webster* is inconsistent with our decision today, it is overruled.

 We believe that the phrase "due notice" should properly be defined in the context in which the notice requirement is imposed. As in *Judicial Ditch No. 2,* if an order is issued in a judicial proceeding,

"due notice" is the same notice required to start the time for appeal, namely service of notice of the making and filing of the order in the manner prescribed. Minn.R.Civ.App. P. 104.01. "Due notice" of a decision or order rendered in such quasi-judicial proceedings as a contested case conducted according to the Administrative Procedure Act or a workers' compensation case conducted pursuant to chapter 176 is that prescribed by statute.[3] On the other hand, if the decision is made in a nonjudicial proceeding such as that presented here, where the participants entered the proceeding by applying as candidates for promotion, the commission must follow its own rules for notifying candidates of the decision. If the commission has not adopted formal rules, the court must determine whether the notice given constituted "due notice." Whether or not the commission promulgates rules for the governance of its proceedings, "due notice" requires, at a minimum, that notice be given in writing and that it be reasonably calculated to reach the candidate. In this case, the candidates were informed that written notice would be posted; the promised form of notice was implemented, and all candidates, including the plaintiffs, read the posted notice. Therefore, the notice was sufficient under the circumstances to commence the running of the 60–day limitation period and the writ should have been discharged as not timely issued. We note, however, that while information concerning the posting of written notice was successfully communicated to these candidates for promotion, who numbered only six and who were all employees of the police department, posted notice is unlikely to reach the candidates unless they have been informed that notice will be posted and when and where it will be posted. For future cases, we suggest that a commission should determine before commencing the application process what

---

3. Minn.Stat. § 14.62, subd. 1 (1986) requires service of a written order or decision:

 Every decision and order rendered by an agency in a contested case shall be in writing.... A copy of the decision and order shall be served upon each party or the party's representative and the administrative law judge by first class mail.

Minn.Stat. §§ 14.63 and 176.471 (1986) fix the time for initiating judicial review of proceedings conducted pursuant to the Administrative Procedure Act and the Workers' Compensation Act, respectively.

method it will use to give candidates adequate notice of its decision and that it should apprise candidates during the application process of the form of notice it will provide.

Reversed.

POPOVICH, J., took no part in the consideration or decision of this case.