**Ralph PICHA, Relator,**

v.

**COUNTY OF McLEOD and McLeod County Board of Commissioners, Respondents.**

No. C4–01–727.

Court of Appeals of Minnesota.

Oct. 23, 2001.

Eric J. Braaten, Nicklaus, Braaten & Hollenhorst, PLLC, Chaska, MN, (for relator).

Michael K. Junge, McLeod County Attorney, Amy E. Olson, Assistant County Attorney, Glencoe, MN, (for respondent).

Considered and decided by HANSON, Presiding Judge, RANDALL, Judge and STONEBURNER, Judge.

## OPINION

HANSON, Judge.

By writ of certiorari, relator-landowner appeals respondent-county's decision to deny his application for a conditional use permit, asserting that the denial is arbitrary and capricious because the county failed to make adequate findings, the county had no legally sufficient reason to deny, and the denial is in violation of Minn.Stat. § 307.01 (2000). The county argues that relator's petition for writ of certiorari is untimely. We conclude that the appeal is timely and, because the county had no legally sufficient reason to deny the permit, we reverse.

## FACTS

Relator Ralph Picha filed an application for a conditional use permit (CUP) with respondent McLeod County ("County") to establish a private cemetery on his family farm, which is zoned for agricultural use. The cemetery would occupy ⅛ of an acre of the approximately 120–acre farm.

When the planning commission met to discuss Picha's application, various members expressed general concerns, including whether it would set a precedent for other requests for cemetery use, whether a cemetery would be a proper use of the land and whether problems of cemetery maintenance would arise. The meeting minutes note that: (1) the state has minimal guidelines for private cemeteries; and (2) one commissioner stated there were two cemeteries presently in his district and that they are only maintained

"as long as the person in charge has a personal commitment to that cemetery and there is funding available. When one or the other is missing, then there is trouble."

However, after a motion to recommend denial of the CUP application failed, the planning commission passed the application on to the County Board of Commissioners with no recommendation.

At its meeting on February 20, 2001, with Picha in attendance, the County voted to deny Picha's application "due to incompatibility with current use of the land and to avoid setting a precedent of allowing private cemeteries." Subsequently, the County mailed a letter to Picha informing him of its decision. Picha received the letter on or about March 3, 2001. On April 26, 2001, Picha petitioned for a writ of certiorari.

## ISSUES

1. Was relator's petition for writ of certiorari timely filed?

2. Was the County's denial of a CUP arbitrary?

3. Was denial of relator's CUP application a violation of Minn.Stat. § 307.01?

## ANALYSIS

### I

■ The County contends that Picha's petition for writ of certiorari is untimely because he had actual notice of the County's decision at its February 20, 2001, meeting and did not file his petition for a writ of certiorari until more than 60 days later. A petition for a writ of certiorari must be filed within "60 days after the party applying for such writ shall have received due notice" of the adverse decision. Minn.Stat. § 606.01 (2000). The County argues that actual notice is "due notice."

In 1925, the supreme court construed the "due notice" language of a predecessor statute to require written notice. *In re Judicial Ditch No. 2*, 163 Minn. 383, 202 N.W. 52 (Minn.1925). It reasoned that written notice would eliminate disputes about whether a party had actual notice and establish a uniform rule of practice for writs of certiorari. *Id.* at 385, 202 N.W. at 53; *cf. Graham v. Itasca County Planning Comm'n*, 601 N.W.2d 461, 465 (Minn. App.1999) (relying, in part, on *Judicial Ditch No. 2* in construing a similar statute). Applying this construction, we conclude that relator's petition for writ of certiorari was timely filed.

### II

■ County Board decisions regarding a CUP are quasi-judicial and are reviewable by writ of certiorari. *Interstate Power Co., Inc. v. Nobles County Bd. of Comm'rs*, 617 N.W.2d 566, 574 (Minn. 2000). Review of quasi-judicial decisions is limited to determining whether the decision was "arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without any evidence to support it." *Molnar v. County of Carver Bd. of Comm'rs*, 568 N.W.2d 177, 181 (Minn.App.1997) (quoting *Dietz v. Dodge County*, 487 N.W.2d 237, 239 (Minn.1992)).

Picha argues that the County's decision was deficient because the County failed to make the necessary findings. We agree, and further note that the County failed to follow the procedures contained in its own ordinance.

*Procedural Deficiencies*

The County adopted an ordinance governing the disposition of CUP applications. Section 16, subdivision 6, of that ordinance provides as follows:

> The County Planning Commission shall make its decision upon the application and forward its recommendations to the Board of County Commissioners. In reporting its recommendations to the Board of County Commissioners, the County Planning Commission shall report its findings with respect thereto and all facts in connection therewith, and may designate conditions and require guarantees deemed necessary for the protection of the public interest. Upon receipt of the report of the Planning Commission, the Board of County Commissioners shall make a decision upon the application for a Conditional Use Permit.

McLeod County, Minn., Zoning Ordinance § 16, subd. 6 (2000).

The planning commission erroneously forwarded Picha's CUP application to the County Board without recommendation or findings. While this deficiency might warrant remand, we will focus our review on the legal sufficiency of and factual basis for the County's denial. *See In re Livin-*

*good,* 594 N.W.2d 889, 893, n. 3 (Minn. 1999) (stating that when a quasi-judicial body states reasons for its denial, review of its decision "[i]s limited to the legal sufficiency and factual basis for those reasons" (quotation omitted)).

*Inadequate Findings/Reasons to Support the Decision*

■■■ Picha contends that the County did not provide adequate findings to support its decision to deny his CUP application. While it is not necessary to prepare formal findings of fact, a county board "must, at a minimum, have the reasons for its decision recorded or reduced to writing and in more than just a conclusory fashion." *Honn v. Coon Rapids,* 313 N.W.2d 409, 416 (Minn.1981).

The County's minutes are minimal and note only that: (1) there was a three to two vote by the planning commission to forward the request to the County with no recommendation; (2) comments were heard from Picha; (3) the board voted unanimously to deny Picha's permit; and (4) the reasons for denying the CUP were: "incompatibility with current use of the land and to avoid setting a precedent of allowing private cemeteries." We conclude that the County's minutes do not adequately explain the reasons for its decision.

■■ More importantly, the record before the County is devoid of evidence supporting the County's decision. A denial of a CUP is arbitrary if it is "established that all of the standards specified by the ordinance as a condition to granting the permit have been met." *Zylka v. Crystal,* 283 Minn. 192, 196, 167 N.W.2d 45, 49 (Minn. 1969) (footnote omitted).

Section 16, subdivision 7, of the County's zoning ordinance specifies the standards that must be met as a condition of the granting of a CUP:

[n]o conditional use shall be recommended by the County Planning Commission unless said Commission shall find:

1. [not applicable]
2. That the conditional use will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the immediate vicinity.
3. That the establishment of the conditional use will not impede the normal and orderly development and improvement of surrounding vacant property for uses predominant to the area.
4. That adequate utilities, access roads, drainage and other necessary facilities have been or are being provided.
5. That adequate measures have been or will be taken to provide sufficient off-street parking and loading space to serve the proposed use.
6. That adequate measures have been or will be taken to prevent or control offensive odor, fumes, dust, noise and vibration, so that none of these will constitute a nuisance, and to control lighted signs and other lights in such a manner that no disturbance to neighboring properties will result.

McLeod County, Minn., Zoning Ordinance § 16, subd. 7 (2000).

Picha's application met all conditions. Picha's request is for a private cemetery, which is a permitted conditional use. There is no evidence that such use would diminish the use or enjoyment of the surrounding property, impair property in the immediate vicinity or impede the normal and orderly development of the surrounding vacant property. Picha provided a permanent easement for maintenance and

visitation access to the cemetery; placed $10,000 into a trust fund to provide for perpetual maintenance; and committed to compliance with Minn.Stat. § 307.01 relating to cemetery survey requirements.

■ We conclude that the County did not have a legally sufficient reason to deny the permit. "[W]hen a governmental body denies a permit with such insufficient evidence that the decision is arbitrary and capricious," the general principle is that the appellate court should order issuance of the permit. *Interstate Power Co., Inc.* 617 N.W.2d at 577 (quotation omitted). We therefore reverse the decision of the County Board and remand with directions that the County issue the permit, subject to reasonable conditions.

### III

We need not address Picha's alternative argument that the denial of a CUP violated Minn.Stat. § 307.01 (2000).

## DECISION

Because the petition for a writ of certiorari was filed within 60 days after receipt of written notice of the County's action, the petition was timely filed and this court has jurisdiction. Because the record does not support the County's denial of the conditional use permit, we reverse the County's decision and remand with directions that the County issue the permit, subject to reasonable conditions.

**Reversed and remanded.**