KATHLEEN MARY BYRD v.
ELIZABETH ANN O'NEILL.

244 N. W. 2d 657.

July 23, 1976—No. 45982.

*Collins & Buckley, Theodore J. Collins,* and *James O. Redman,* for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, Michael McGlennen, David W. Larson,* and *Lee Barry,* Assistant County Attorneys, for respondent.

SCOTT, JUSTICE.

This is an appeal from an order of the Hennepin County District Court, Family Court Division, which confirmed a referee's order for child support.

Appellant is the widow of Dr. John Thomas O'Neill, who died on November 5, 1973. Five children of the marriage survive. The

two youngest are the subject of this action. The couple lived in Kentucky and were legally separated. The minor children were in the custody of their father. Appellant offered to provide a home for her minor children following her husband's death, but they chose to live with their sister, the respondent here, and her husband. Appellant then moved to Minnesota to be near other relatives.

Subsequent to appellant's move to Minnesota, a Maryland court awarded guardianship of her two children to the respondent and her husband. About 3 months later, another Maryland court, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), found in Article 89C of the Annotated Code of Public General Laws of Maryland and in Minn. St. 518.41 to 518.53, certified that respondent had shown facts sufficient to support a determination that appellant owes a duty of support[1] and forwarded all necessary papers to the Hennepin County District Court, the county of appellant's residence, for enforcement pursuant to Minn. St. 518.48. A hearing was held on October 30, 1974, before a referee of the Hennepin County District Court, Family Court Division. The referee found that appellant's assets consist of approximately $44,000 in savings and $11,000 in equity in her home. He also found that she had $230 per month interest income and a $200 per month mortgage obligation. He ordered that appellant pay $50 per child per month for support. The district court judge confirmed the referee's order and findings of fact. The appellant seeks review of the confirmation of the referee's order.

The following issues are presented:

(1)  Does alleged child misconduct relieve appellant of the duty of support?

(2)  Do contradictory statements made by petitioner in the

---

[1] It should be noted that the support obligation in Maryland and Minnesota generally terminates at age 18. One child reached this age on January 11, 1976, and the other will do so on July 12, 1977.

guardianship proceeding constitute estoppel in the URESA proceeding?

(3) Was the amount of support ordered excessive?

1. Review of a referee's order by the family court judge is governed by Minn. St. 484.65, subd. 9, which states that the notice of review shall specify the grounds for review. The alleged misconduct of the children was not stated as a ground for review.

As a general rule, issues which were not presented to the trial court may not be raised on appeal. Urban v. Continental Convention & Show Management, Inc. 244 Minn. 44, 68 N. W. 2d 633 (1955).[2] This issue was presented to the referee, however, by the introduction of evidence regarding the circumstances under which the children came into respondent's custody, and the referee's ruling on admissibility is reviewable by this court. Rule 103.04, Rules of Civil Appellate Procedure.

Under URESA, the court in the responding state, Minnesota here, after receiving the findings of the initiating state, may order the obligor to furnish support if it finds a duty of support. Minn. St. 518.48, subd. 5. See generally, Brockelbank, *Is The Uniform Reciprocal Enforcement of Support Act Constitutional,* 17 Mo. L. Rev. 1. However, Minn. St. 518.44(1) allows the obligor to be relieved of the duties of support by the conduct of the obligee. Although it was initially excluded, evidence relating to the conduct of the children and the circumstances of their guardianship was admitted by the referee. The referee subsequently stated in his memorandum: "* * * [R]egardless of

---

[2] An exception to this rule has been made where an issue of illegality is apparent upon undisputed facts and such illegality is in clear contravention of public policy. Atwood v. Holmes, 229 Minn. 37, 38 N. W. 2d 62 (1949). Another exception has been made where the issue raised on appeal is plainly decisive of the entire controversy on its merits and where there is no possible advantage or disadvantage to either party in not having had a prior ruling by a trial court on the question. Holen v. Minneapolis-St. Paul Metropolitan Airports Commission, 250 Minn. 130, 84 N. W. 2d 282 (1957); 1B Dunnell, Dig. (3 ed.) § 384. Neither of these exceptions is applicable here.

what precipitated the family differences that caused the daughters to choose to live with their sister rather than their mother, consideration should be given to the present economic circumstances of the parties * * *." The record of the referee's hearing in turn was reviewed by the district court which confirmed the referee's order.

While the initial refusal to admit the evidence may have been error, there was no resulting prejudice to the appellant in light of its later admission in the hearing. The referee and district court fulfilled their responsibility to find whether there was a duty of support. The alleged child misconduct does not relieve appellant of the duty of support.

2.  At the time of the guardianship proceedings in Maryland, respondent and her husband stated that they were "able and willing to provide the sole support, in addition to any inheritance from the estate of John Thomas O'Neill and monthly benefits received from the Social Security Administration * * *" and that the appellant was "unable to care for or give support and maintenance for the said minor children, Margaret Ann O'Neill and June Elizabeth O'Neill."

In respondent's URESA petition she alleged that there was a need for support and that she believed that appellant was "fully capable of supporting the said dependents." Respondent argues that at the time of the first petition the appellant's financial status was unknown to her. While such inconsistent allegations should not be condoned, this conflict is not significant here since the court had sufficient information regarding the present economic circumstances of the parties to determine whether support should be ordered.

Appellant also argues that respondent must show a substantial change in appellant's financial circumstances before an order for support can be given. Appellant cites Kaiser v. Kaiser, 290 Minn. 173, 186 N. W. 2d 678 (1971), for this proposition. That case, and the principle expressed therein which is relied on by appellant, refer to increases in previously ordered support pay-

ments. Here, this proceeding will initially establish support payments.

3. Appellant argues that the amount of the ordered support was excessive in light of her economic circumstances. While it is true that appellant is not currently employed, the referee found that she has assets of approximately $55,000 and an income of $230 per month. She was ordered to provide a modest support payment of $50 per month per child for a relatively short period of time. Such a contribution is not an abuse of discretion. The argument that the children might receive more money from her than they might be entitled to inherit from their father's estate is of no significance.

Affirmed.