David John McMAINS,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C0-87-488.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN,* JJ.

## OPINION

CRIPPEN, Judge.

Appellant's driver's license was revoked under the implied consent law. He petitioned for judicial review and requested costs, disbursements and attorney fees. The trial court rescinded the revocation, but denied the request for costs, disbursements and attorney fees. The driver appeals from the denial. We affirm.

## FACTS

On November 5, 1986, at approximately 4:15 a.m., State Trooper Alan Freng was dispatched to the scene of a single vehicle accident. He observed a jeep on its left side, where it sustained extensive damage, blocking a ramp. No one was present at the scene. The trooper opened the door of

---

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn. Const. art. 6, § 2.

the vehicle and smelled the odor of an alcoholic beverage. He surmised that the driver had fallen asleep or was intoxicated. Trooper Freng requested a tow for the vehicle. A tow truck arrived, but Freng was told it had been summoned by "a woman asking for a tow."

Freng ran a registration check on the vehicle, and proceeded to the home of the registered owners, appellant David McMains and his wife. He knocked on the door of the residence at approximately 4:45 a.m. A woman answered the door. The trooper asked if the driver of the vehicle was home. The woman said that he was, but that he was in the shower. The officer offered to wait in his squad car.

When no one came out of the house for 15 minutes, the officer again went to the door and was told the driver was sleeping and was not coming to the door. When the trooper asked that the driver be awakened, the woman threw out a driver's license, said "that's the driver," and slammed and locked the door; the license was appellant's. Later attempts to obtain an answer at the door and by telephone were unsuccessful.

Freng formed the opinion that the only explanation for this behavior was that appellant had driven the car and was hiding the fact that he was under the influence. The trooper completed an Implied Consent Form and Notice of Revocation and placed them in the doorway of the residence.

Lieutenant Peper of the Minnesota State Patrol spoke to appellant two days after the incident. Appellant admitted he had been driving, but would say nothing else.

Freng admitted that he did not know the time of the accident, that he never talked to appellant, that he did not see if appellant was present in the residence, that he did not know the identity of the woman who answered the door, that he did not read the implied consent advisory to anyone, and

that he did not know whether there were passengers in the vehicle.

Appellant's license was revoked, and he petitioned for judicial review. The trial court rescinded the revocation, concluding the trooper did not have probable cause to believe appellant was driving while under the influence, and that it was speculative to conclude appellant was present in the residence, that he was driving, and that the explanation for his alleged reluctance to speak to the officer was his intoxication. The Commissioner has not appealed this decision.

At the hearing, appellant moved for costs, disbursements and attorney fees. See Minn.Stat. § 3.762(a) (1986).[1] The trial court denied the motion, determining that the Commissioner of Public Safety did not act in bad faith in requiring a hearing, and that an award of costs and fees to appellant was not appropriate.

## ISSUE

Is appellant entitled to an award for costs and attorney fees under 1986 legislation permitting such an award in state civil actions found not to be substantially justified?

## ANALYSIS

Appellant asserts that the trial court erred when it applied a "bad faith" standard, rather than the "substantially justified" standard of section 3.762(a). The Commissioner argues that section § 3.762(a) has no application to proceedings under the implied consent statute, and he also contends appellant failed to demonstrate to the trial court that the Commissioner's position was not substantially justified.

1.

The Commissioner argues that the investigating officer was justified in concluding that apparent evasion by or for appellant established cause to believe he was hiding

---

1.  . If a prevailing *party* other than the state, in a civil action or contested case proceeding other than a tort action, brought by or against the state, shows that the position of the state was not *substantially justified,* the court or

administrative law judge shall award fees and other expenses to the party unless special circumstances make an award unjust.
Minn.Stat. § 3.762(a) (1986) (emphasis added).

evidence of a D.W.I. offense. *See City of St. Paul v. Vaughn,* 306 Minn. 337, 343–44, 237 N.W.2d 365, 369 (1975) (flight is a factor justifying a police stop); *State v. Anderson,* 391 N.W.2d 527, 530 (Minn.Ct. App.1986) (same). Also, the Commissioner contends the officer could reasonably believe that the nighttime, one-car accident at an observable place, where there was a smell of alcohol inside the vehicle, without any bottle present, was a recent alcohol-related incident. In addition, the Commissioner argues that appellant could not complain about the absence of a reading of the advisory because his conduct constituted a refusal to receive it. *See Johnson v. Commissioner of Public Safety,* 394 N.W.2d 867 (Minn.Ct.App.1986) (notice of revocation served by leaving on table in front of driver). Appellant does not contend the trial court erred in determining that the Commissioner did not act in bad faith when revoking appellant's license and defending that decision. Because we conclude the driver was not a party eligible to receive benefits under section 3.762(a), we need not determine whether the Commissioner's actions were "substantially justified."

### 2.

Is a petitioner in an implied consent proceeding a "party" within the meaning of section 3.761, subdivision 6?

Appellant initially asserts that this issue is not properly before this court on appeal, because it was not raised below, and that a party cannot change his position for the first time on appeal. *The Security Bank of Pine Island v. Holst,* 298 Minn. 563, 564, 215 N.W.2d 61, 62 (1974). The general rule is that issues that were not presented to the trial court may not be raised on appeal. *Byrd v. O'Neill,* 309 Minn. 415, 417, 244 N.W.2d 657, 658 (1976). However, "where the issue raised on appeal is plainly decisive of the entire controversy on its merits and where there is no possible advantage or disadvantage to either party in not having had a prior ruling by a trial court on the question," review may occur. *Id.* at 417 n. 2, 244 N.W.2d at 658–59 n. 2. The issue of whether appellant is a party within the meaning of sec-

tion 3.761, subdivision 6 involves only a question of law applied to undisputed facts. There is no prejudice in not having the case decided by the trial court, and resolution of the issue is dispositive. *O'Brien v. Mercy Hospital and Convalescent,* 382 N.W.2d 518, 520 (Minn.1986). Consequently, it is appropriate for this court to decide the matter.

Minn.Stat. §§ 3.761–.765 were enacted by the 1986 Legislature. 1986 Minn. Laws ch. 377, §§ 1–5. The act defines certain words. "Party" is specifically defined as follows:

> (a) Except as modified by paragraph (b), "party" means a person named or admitted as a party, or seeking and entitled as of right to be admitted as a party, in a court action or contested case proceeding, or a person admitted by an administrative law judge for limited purposes, and who is:
>
> (1) an unincorporated business, partnership, corporation, association, or organization, having not more than 50 employees at the time the civil action was filed or the contested case proceeding was initiated; and
>
> (2) an unincorporated business, partnership, corporation, association, or organization whose annual revenues did not exceed $4,000,000 at the time the civil action was filed or the contested case proceeding was initiated.

Minn.Stat. § 3.761, subd. 6(a) (1986). Paragraph (b) expands the definition in paragraph (a) to include "a partner, officer, shareholder, member, or owner of an entity described in paragraph (a)." *Id.* subd. 6(b). Paragraph (c) excludes certain health service providers. *Id.* subd. 6(c).

The Commissioner argues appellant has not met the unambiguous definition of party as set forth in subdivision 6. He contends the statute merely assists small businesses in contesting overregulation, and does not apply to every type of proceeding where the State is named as a party.

Appellant also asserts that the statute is unambiguous, but argues that he is a party under subdivision 6. He asserts that the limitation contained in subdivisions 6(a)(1) and (2) refer only to persons covered by the

last clause in subdivision 6(a), those who may be admitted by an administrative law judge for limited purposes, and not to those covered by the general definition of a party. Thus, he contends a party is one who satisfies any of the following:

    1. A person named or admitted as a party; or

    2. A person seeking and entitled as of right to be admitted as a party in a court action or a contested case proceeding; or

    3. A person admitted by an administrative law judge for limited purposes, and who satisfies the requirements of paragraph (a), clauses one and two.

■ We agree with the Commissioner's reading of the statute. It strains reason to treat the enumerated conditions in subdivision 6 as qualifiers to one class of person but not to other classes described in the opening sentence of the provision. *See* Minn.Stat. § 645.16 (1986) (clear letter of law not to be disregarded). In addition, however, we conclude that if we dealt with any ambiguity in the language of the subdivision, the same result is reached.

■ In interpreting a statute, the object is to ascertain and effectuate the intention of the legislature. *Id.* When the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other items, the contemporaneous legislative history. *Id.* § 645.16(7). Committee reports, journal entries, and tape recordings of legislative testimony and discussion may be considered. *In re Handle with Care, Inc. v. Department of Human Services*, 406 N.W.2d 518 (Minn. 1987). Although we agree with the Commissioner's interpretation of the statute, the potential ambiguity causes us to turn to the legislative history to determine the legislative intent.

Sections 3.761–.765 were introduced in the Minnesota House of Representatives as House File 1962 on February 10, 1986, and the bill was referred to the House Committee on Judiciary. 1986 Journal of the House 5187. On February 11, 1986, testimony was taken on the bill in the Judiciary Committee from Mike Hickey and El Collins, both representing the National Feder-

ation of Independent Businesses. House Judiciary Committee Minutes, p. 48 (Feb. 11, 1986). Hickey testified that the bill was based upon the federal Equal Access to Justice law, and that the purpose of the bill was to allow small businesses to collect court costs and attorney fees when they prevail against the State, and where the court finds that the State was not substantially justified in its actions. He went on to discuss the reasons why the bill was targeted specifically towards small businesses. Collins, a small business owner, presented testimony as to his personal experience with a state regulation. House Judiciary Committee (tape of Feb. 11, 1986). Senate File 1848, the Senate companion bill, was introduced on February 10, 1986, and referred to the Senate Judiciary Committee. 1986 Journal of the Senate 3661. Similar testimony by Hickey and Collins was presented before the Senate Subcommittee on Judicial Administration (tape of Feb. 13, 1986), and before the Senate Judiciary Committee. (Minutes and tape of Feb. 24, 1986.)

The presentation of the bill, testimony, and discussion of various amendments that were prepared make it clear that the parties entitled to recover fees and expenses under the bill are small businesses that meet the requirements of Minnesota Statutes § 3.761, subdivision 6(a)(1) and (2), as well as a partner, officer, shareholder, member, or owner of an entity described in subdivision 6(a)(1) and (2).

Questions were raised several times as to the reason why an individual could not collect fees and expenses under these bills, and it was made clear that this bill was specifically targeted toward small businesses. Senate Judiciary Committee (tape of Feb. 24, 1986); Senate Floor Session (tape of Mar. 4, 1986).

Both parties agree that sections 3.761 through 3.765 were adopted from the federal Equal Access to Justice Act, 28 U.S.C. § 2412, and appellant argues that great weight should be given to the expansive definition of party status under the federal law. We cannot, however, expand the various class of persons named by the legisla-

ture as persons eligible for benefits under the 1986 act. Appellant is not a party within the meaning of section 3.761, subdivision 6, and is not authorized to obtain expenses or attorney fees under section 3.762(a).

### DECISION

The decision of the trial court denying attorney fees to appellant is affirmed.

Affirmed.