**In the Matter of the Occupational License of Jack HAYMES.**

**No. C6–88–344.**

Court of Appeals of Minnesota.

July 19, 1988.

Review Granted Sept. 28, 1988.

Robert J. Hennessey, Larkin, Hoffman, Daly & Lindgren, Bloomington, for Kathy Hutchinson.

Thomas F. Miley, Graham, Erickson, Moeller & Johnson, Minneapolis, for Jack Haymes.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Racing Com.

Heard, considered, and decided by WOZNIAK, C.J., and CRIPPEN and SHORT, JJ.

### OPINION

WOZNIAK, Chief Judge.

This is an appeal from the order of an administrative law judge awarding attorney fees and expenses to Kathy Hutchinson pursuant to the Minnesota Equal Access to Justice Act, Minn. Stat. § 3.762 (1986). The Minnesota Racing Commission petitioned for discretionary review, claiming the administrative law judge erred in determining that Hutchinson was eligible to recover attorney fees and that the judge erred in determining the Minnesota Racing Commission's position was not "substantially justified" under Minn.Stat. § 3.762. We reverse.

### FACTS

Kathy Hutchinson has been licensed by the Minnesota Racing Commission (Commission) as an owner and trainer of racehorses since 1985. She has been involved with horseracing since 1947, and employs eight people, including her assistant train-er, Jack Haymes. Haymes was first licensed by the Commission in 1986. Hutchinson directed the training of the horses and directed Haymes' administration of medication to the horses.

In 1986, Hutchinson and Haymes trained and raced several horses at Canterbury Downs. In late August, the Minnesota Racing Analytical Laboratory detected the presence of medication in the post-race urine samples of three horses trained by Hutchinson and Haymes. The rules allegedly prohibited the administration of "medication" within 48 hours of a race. Minn.R. 7890.0110 (Supp.1986).

Following the discovery that the horses were given medication, the Board of Stewards suspended Hutchinson for 30 days, ordered her off the premises controlled by the Commission, and declared all her horses ineligible. The Board of Stewards also suspended Haymes for 30 days, fined him $500, and ordered him off the premises.

Both Hutchinson and Haymes filed appeals with the Commission, and on September 23 the Stewards' rulings were stayed pending resolution of the appeals through a contested case hearing before an administrative law judge. The two contested cases were consolidated because they comprised virtually identical factual and legal issues. Hutchinson and Haymes were represented by separate counsel at the hearing.

After the conclusion of the hearing, the administrative law judge recommended that no disciplinary action be taken against either party. The judge determined that there was no evidence medication was administered within 48 hours of a race, that the medication Hutchinson administered was not "prohibited medication" within the rules, and that the other alleged rule violations were inapplicable because those sections set out evidentiary standards as opposed to prohibitions. The legislature subsequently acted to clarify the law regarding medication of racehorses, and the rules also were amended. *See* 1987 Minn.Laws, ch. 69, § 4, and Minn.R. 7890.0110 (1987).

The Commission then issued an order affirming the administrative law judge's recommendation to dismiss all charges

against Haymes, but proceeded to impose disciplinary sanctions against Hutchinson. Hutchinson's sanctions are *not* the subject of this appeal, and no appeal was taken from the order dismissing the charges against Haymes.

Hutchinson and Haymes applied for an award of attorney fees and expenses pursuant to the Minnesota Equal Access to Justice Act (EAJA), Minn.Stat. §§ 3.761–.764 (1986). The EAJA provides that if a prevailing party in a civil or contested case hearing brought by or against the state shows the state was not "substantially justified," the administrative law judge may award attorney fees and expenses. Minn.Stat. § 3.762(a). Hutchinson sought the attorney fees she paid on behalf of Haymes in her capacity as his employer.

The administrative law judge determined that Haymes was not a "party" within the statute, and he was not entitled to attorney fees and expenses. However, the judge ruled that Hutchinson was a "party" in the Haymes case as a result of the consolidation of the cases and because her racing business was an "unincorporated business" within Minn.Stat. § 3.761, subd. 6(a). The judge also found that the Commission's position was not "substantially justified," and awarded Hutchinson $6,083 in attorney fees.

Finally, the administrative law judge noted that any party dissatisfied with the ruling could petition for leave to appeal to this court pursuant to Minn.Stat. § 3.764, subd. 2. By order dated March 1, 1988, this court granted the Commission's petition for discretionary review.

## ISSUES

1. Does this court have jurisdiction to hear an order awarding attorney fees and expenses pursuant to Minn.Stat. § 3.764, subd. 2?

2. Is Hutchinson eligible to recover attorney fees under Minn.Stat. §§ 3.761 and 3.762?

## ANALYSIS

1. The EAJA provides for appellate review of attorney fee awards as follows:

A party dissatisfied with the fee determination * * * may petition for leave to appeal to the court having jurisdiction to review the merits of the underlying decision of the contested case. * * * If the court grants the petition, it may modify the determination only if it finds that the failure to make an award, or the calculation of the amount of the award, was an abuse of discretion.

Minn.Stat. § 3.764, subd. 2.

■ The EAJA permits an appeal to the court which possessed jurisdiction to review the merits of the "underlying decision of the contested case." *Id.* This court had jurisdiction to review the Commission's "underlying decision" from Hutchinson and Haymes' consolidated hearing. *See* Minn. Stat. §§ 240.20 and 14.63. Because this court had jurisdiction to review the underlying decision, and because this court granted discretionary review pursuant to the statute, this court has jurisdiction to hear the appeal.

■ We note that Minn.Stat. § 3.764, subd. 2 establishes a narrow scope of review and does not address review of awards based upon alleged errors of law or in excess of statutory authority, as is the claim in this case. There is a presumption in favor of judicial review of agency decisions in the absence of statutory language to the contrary. *Minnesota Public Interest Research Group v. Minnesota Environmental Quality Council,* 306 Minn. 370, 376, 237 N.W.2d 375, 379 (1975). Judicial review of agency decisions generally is governed by the APA. *Reserve Mining Co. v. Herbst,* 256 N.W.2d 808, 826 (Minn. 1977). The APA provides for judicial review of agency decisions if they are "in excess of statutory authority" or "affected by other error of law." Minn.Stat. § 14.69(b), (d) (1986).

■ Multiple statutes covering similar subject matter should be construed consistently if possible. *Lenz v. Coon Creek Watershed District,* 278 Minn. 1, 11, 153 N.W. 2d 209, 217 (1967). The EAJA fails to govern alleged errors of law, and applica-

tion of the APA on review in this case does not lead to inconsistency. We find Hutchinson's additional jurisdictional claims without merit.

2. The EAJA permits the "prevailing party" to recover attorney fees from the state upon a showing that the state's position was not substantially justified. Minn. Stat. § 3.762(a). The EAJA defines "party," in pertinent part, as follows:

(a) Except as modified by paragraph (b), "party" means *a person named or admitted as a party*, or seeking and entitled as of right to be admitted as a party, in a court action or contested case proceeding * * * who is:

(1) an *unincorporated business*, partnership, corporation, association, or organization, *having not more than 50 employees* at the time * * * the contested case proceeding was initiated; and

(2) an *unincorporated business*, partnership, corporation, association, or organization whose *annual revenues did not exceed $4,000,000* at the time the civil action was filed or the contested case proceeding was initiated.

(b) "Party" also includes a partner, officer, shareholder, member, or *owner of an entity described in paragraph (a), clauses (1) and (2).*

Minn.Stat. § 3.761, subd. 6 (emphasis added).

Minn.R. 1400.8401, subp. 3A provides that, in addition to the conditions of eligibility set out in the EAJA, the following must be considered in the determination of an "eligible party":

(d) An applicant who participates in a contested case on behalf of one or more other persons or entities that would be ineligible is not itself eligible for an award.

Determination of whether Hutchinson is a "party" under the EAJA thus requires a finding of whether she was "named or admitted" or "entitled as of right to be admitted as a party" in the Haymes action, whether she owned an "unincorporated business," and whether in her capacity as employer she is entitled to recover attorney fees incurred on behalf of Haymes.

The EAJA is modeled after the Federal Equal Access to Justice Act, 28 U.S.C. § 2412. The United States Supreme Court has ruled that the federal EAJA is a waiver of sovereign immunity and therefore must be strictly construed. *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983). In interpreting Minn.Stat. § 3.761, the object is to ascertain and effectuate legislative intent. Minn.Stat. § 645.16. When the statutory language is not explicit, legislative intent may be ascertained by examining legislative history. *Id.* § 645.16(7).

The Senate and House Judiciary Committees specifically intended to exclude individuals from collecting fees and expenses under the EAJA, and intended to target the statute toward small business. *McMains v. Commissioner of Public Safety*, 409 N.W.2d 911, 914 (Minn.Ct.App.1987). The only individual parties eligible "would include the sole owners of an unincorporated business or other business entities with a maximal 50 employees." Senate Judiciary Committee (tape of Feb. 24, 1986). The purpose was to give the small business or corporation owner the opportunity to recover attorney fees because they generally are "dragged into these cases personally and should have standing along with the entity itself." *Id.*

■ Although the statutory language and legislative history permit the "unincorporated business" entity and its "owner" to recover attorney fees, there is no language permitting the business owner to recover on behalf of employees in his or her capacity as "employer." The statutory language and legislative history demonstrate an intent to provide for the award of attorney fees incurred by the business in defending actions the state initiated against the business. Because the small business owner, in effect, incurs the legal fees of the business entity, the EAJA provides an avenue for that individual to recover attorney fees.

However, the statute does not cover, and the legislature did not anticipate, small business owners seeking the recovery of attorney fees incurred by employees as op-

posed to the business entity. If the legislature had intended to allow a small business owner or "employer" to recover attorney fees incurred on behalf of an employee, specific language permitting this vicarious recovery would have been inserted in the EAJA. In light of the strict construction given the federal EAJA, we are reluctant to grant such a liberal application of the EAJA without the support of clear statutory language.

The Commission also asserts that Hutchinson is not eligible to recover attorney fees because she is not a "party" to the Haymes action within the EAJA or Minn.R. 1400.8401, subp. 3. Although the cases were consolidated for trial under Minn.R. 1400.6350 due to similar factual and legal issues, the rule may be compared with the similar standard for consolidation under Minn.R.Civ.P. 42.01. Upon consolidation under Rule 42.01, no merger of the action results, each action retains a separate identity, and there is no change in the rights or status of the litigants. *Simon v. Carroll,* 241 Minn. 211, 218, 62 N.W.2d 822, 827 (1954). Consolidation for trial thus may unite parties with actions of similar legal and factual issues, but it does not automatically make an entity a party in an action consolidated with another entity.

In addition, while the administrative law judge ruled that the parties behaved as if Hutchinson had intervened in the Haymes action, Hutchinson never formally "intervened" pursuant to Minn.R. 1400.6200. Intervention only is allowed after the timely submission of a petition, after a hearing is held, and after an administrative law judge issues the appropriate order. *See* Minn.R. 1400.6200, subp. 1–3.

Minn.R. 1400.8401, subp. 3A(1)(d) further holds that an applicant may not recover attorney fees under the EAJA if he or she participates in a case on behalf of another individual or entity which itself is ineligible. Here, Hutchinson seeks an award of attorney fees incurred on behalf of Haymes, but the administrative law judge specifically determined that Haymes was not entitled to fees under the EAJA. Moreover, subpart 3A(2)(b) of the rule holds that an appli-

cant is ineligible if he or she has been penalized in a final decision. The final decision of the Commission retained sanctions against Hutchinson.

As a result, we find that Hutchinson is not eligible to recover attorney fees under the EAJA. It thus is unnecessary to determine whether she is a "party" to the Haymes action because she operated an "unincorporated business" within Minn. Stat. § 3.761, subd. 6(a)(1), (2). It also is unnecessary to rule whether Hutchinson may seek recovery of attorney fees on behalf of Haymes under an agency theory, and whether the state's position was "substantially justified."

However, even if we found Hutchinson operated an unincorporated business, application of agency principles would not form a basis for recovery of attorney fees under the EAJA. The administrative law judge followed the rule that a principal is subject to a duty to indemnify an agent for litigation expense incurred in defending an action brought against the agent by a third party. Restatement (Second) of Agency § 439 (1958). However, when the principal defends itself in the action, "the agent is not eligible for indemnification unless the principal's defense leaves the agent's interest unprotected." *Basmajian v. Christie, Manson & Woods,* 629 F.Supp. 995 (S.D.N.Y.1986); *see also Adams v. North Range Iron Co.,* 191 Minn. 55, 253 N.W. 3 (1934).

An award of attorney fees under agency theory would be inconsistent with a determination that Hutchinson was "named or admitted as a party" in the Haymes action. In determining Hutchinson was a party in the Haymes action, the administrative law judge stressed the similarity of factual and legal issues. On the other hand, to find Hutchinson entitled to recover attorney fees on Haymes' behalf under agency theory requires a finding that Hutchinson's defense of the Commission's action left Haymes' interests unprotected—a finding that the parties' interests conflict rather than parallel.

Moreover, the law cited by Hutchinson only permits the *agent* to be reimbursed by

the *principal,* and does not allow the *principal* to maintain an action against a *third party* for reimbursement. The only agency theories allowing recovery against third parties relate to contracts made by an agent with a third party, third party interference with an agent's duties, or tortious harm to an agent. Restatement (Second) of Agency §§ 292, 316. As stated earlier, the EAJA does not specifically allow an unincorporated business owner to recover fees incurred by an employee. In fact, under the rules individuals may not recover attorney fees under the EAJA, and an applicant cannot seek an award on behalf of an ineligible party. *See* Minn.R. 1400.8401, subp. 3A(1)(d).

## DECISION

This court has jurisdiction to hear an order awarding attorney fees and expenses pursuant to the EAJA. Hutchinson is not eligible to recover attorney fees on behalf of an employee under the EAJA.

Reversed.