In the Matter of the Occupational License of Jack HAYMES.

No. C6–88–344.

Supreme Court of Minnesota.

Aug. 18, 1989.

Robert J. Hennessey, Andrew J. Mitchell, Larkin, Hoffman, Daly & Lindgren, Ltd., Bloomington, for appellant.

Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

## OPINION

WAHL, Justice.

■ This case presents the issue whether a state agency ordered to pay a claimant's attorney fees and costs under the Equal Access to Justice Act may seek judicial review of that order. We hold that the state agency's right of judicial review is by certiorari, but, because the state agency did not follow that procedure here, we reverse.

Petitioner Kathy W. Hutchinson, a horse trainer, and her employee, Jack D. Haymes, were subject to disciplinary charges for administering prohibited drugs to their horses. This resulted in a contested case hearing before the Minnesota Racing Commission, with a hearing before an administrative law judge. The judge found in favor of Hutchinson and Haymes and recommended no discipline. The Racing Commission adopted the judge's findings and recommendations as to employee Haymes but, as to his employer Hutchinson, the Racing Commission rejected the judge's findings and recommendations and ordered a 30–day suspension.

Thereafter Hutchinson and Haymes applied to the administrative law judge for Haymes' legal expenses under Minn.Stat. §§ 3.761–3.765 (1986), the Equal Access to Justice Act. The judge ruled that Haymes did not qualify as a fee claimant but that

Hutchinson, as Haymes' employer who had agreed to pay her employee's legal expenses, could recover the cost of Haymes' successful defense. Hutchinson was awarded $6,083.45. Under the Act this fee determination is a final order binding on the state agency. Minn.Stat. § 3.762.

The Racing Commission was dissatisfied with the administrative law judge's decision, not because of the amount of the fees, but because it believed the judge erred in construing the Act to allow Hutchinson to recover Haymes' fees. Consequently, the Racing Commission decided to appeal. The sole question before us is whether the Racing Commission could appeal, and, if so, in what manner.

The Racing Commission filed a petition for discretionary review pursuant to Minn. R.Civ.App.P. 105 and Minn.Stat. § 3.764, subd. 2 (1986). The court of appeals granted the petition, reasoning that the Equal Access to Justice Act impliedly at least provided for discretionary review. Having granted the petition, the court of appeals then reversed the administrative law judge on the statutory construction issue, holding that Hutchinson was not an eligible fee claimant. *Matter of Haymes*, 427 N.W.2d 248, 252–253 (Minn.App.1988).

■ Hutchinson then petitioned this court for further review solely on the issue of whether the court of appeals had jurisdiction to entertain the Racing Commission's petition for discretionary review. We granted the petition. We conclude the Racing Commission is entitled to seek judicial review of the fee determination, but by certiorari not discretionary review.

The Minnesota Equal Access to Justice Act was enacted by the legislature in 1986. *See* Act of March 19, 1986, ch. 377, § 1, 1986 Minn.Laws 200. The Act is modeled after similar federal legislation. *See McMains v. Commissioner of Public Safety*, 409 N.W.2d 911, 914 (Minn.App.1987). The Act permits a class of claimants who have prevailed in a contested case hearing before a state agency to make an application to the administrative law judge in that hearing for an award of attorney fees.

Section 3.764, subd. 2 of the Act deals with judicial review of a fee award. It provides:

**APPEAL.** A party dissatisfied with the fee determination made under subdivision 1 may petition for leave to appeal to the court having jurisdiction to review the merits of the underlying decision of the contested case. If the court denies the petition for leave to appeal, no appeal may be taken from the denial. If the court grants the petition, it may modify the determination only if it finds that the failure to make an award, or the calculation of the amount of the award, was an abuse of discretion.

It is clear, however, this section does not give the Racing Commission a right to petition for leave to appeal. A state agency is conspicuously absent from the Act's definition of a party. *See* Minn.Stat. § 3.761, subd. 6. It is quite evident the phrase "A party dissatisfied with the fee determination," as appearing in the appeal section, refers to an aggrieved fee claimant, not to the state agency involved. Neither do any of the provisions of the Administrative Procedure Act, Minn.Stat. §§ 14.01–14.69 (1986), appear to give the state agency a right of judicial review in this situation. In other words, while an aggrieved fee claimant has a statutory right to seek judicial review, the aggrieved state agency does not.

The Racing Commission points out, however, that under the separation of powers clause of our state constitution, judicial review must be provided for administrative agency decisions involving the exercise of quasi-judicial powers. *See, e.g., Breimhorst v. Beckman*, 227 Minn. 409, 433, 35 N.W.2d 719, 734 (1949). We have been quite emphatic on this point. *Wulff v. Tax Court of Appeals*, 288 N.W.2d 221, 222–223 (Minn.1979). While judicial review of a judicial branch decision is not constitutionally required, *see Appeal of O'Rourke*, 300 Minn. 158, 220 N.W.2d 811, 815 (1974), judicial review of an executive branch's quasi-judicial decision is constitutionally mandated.

Although we agree with the Racing Commission that it is entitled here to judicial

review, it does not follow it can invoke the court's jurisdiction by a petition for discretionary review when there is no statutory authorization for such a procedure.

■ Where no right of discretionary review has been provided by statute or appellate rules for the quasi-judicial decision of an administrative agency or an administrative law judge, an aggrieved party has the common law right to petition for a writ of certiorari pursuant to Minn.R.Civ.App.P. 120 and Minn.Stat. § 606.01 (1986). This is well-settled law. *See e.g., Plunkett v. First National Bank of Austin,* 262 Minn. 231, 246, 115 N.W.2d 235, 245 (1962) ("In the absence thereof any judicial review of their proceedings or decisions would be limited to review by certiorari and must meet the requirements of § 606.01."); *State ex rel. Brown v. Board of Public Works,* 134 Minn. 204, 205, 158 N.W. 977 (1916). *See most recently, Bahr v. City of Litchfield,* 404 N.W.2d 381, 383 (Minn.App.1987), *reversed on other grounds,* 420 N.W.2d 604 (1988).

Certiorari applies here. First of all, the fee determination in this case was a quasi-judicial decision. Arguably, calculating the attorney fees in this case was quasi-judicial. In any event, when the administrative law judge also decided the threshold issue of statutory construction as to Hutchinson's legal entitlement to attorney fees, this was an exercise of quasi-judicial powers.

Secondly, the Racing Commission is a party here for the purposes of certiorari. In a contested case, the administrative law judge's decision is submitted to the state agency for its adoption or modification. The state agency in that situation is the decisionmaker, as was the Racing Commission with respect to the Hutchinson and Haymes disciplinary matter. When, however, the proceedings shift to the fee award under our Equal Access to Justice Act, the state agency assumes a different role. The administrative law judge's fee award, which the state agency must pay, is a final determination binding on the agency. *See* Minn.R. 1400.8401 (1987). Therefore, in the fee determination proceeding, the state agency, here the Racing Commission, is an aggrieved party for certiorari purposes. *See Youngstown Mines Corp. v. Prout,*

266 Minn. 450, 481, 124 N.W.2d 328, 349 (1963) (to seek certiorari one must be a party in form or substance); *In re Acquisition of Flying Cloud Airport,* 226 Minn. 272, 278, 32 N.W.2d 560, 564 (1948) (an actor who participates as an active contestant on the merits and is specially bound and affected by the outcome of the proceedings is a party for purposes of certiorari).

Granting the writ is, of course, discretionary with the court. If the case involves only the reasonableness of the fees awarded, the court will be much less inclined to issue a writ, having in mind its limited review of factual issues. If on the other hand, the case involves an important question of law, such as the question of statutory construction in this case, the court will undoubtedly choose to entertain the petition. In deciding whether or not to issue a writ of certiorari, the court must also, of course, consider whether the decision sought to be reviewed is quasi-judicial.

In this case the court of appeals should have dismissed the Racing Commission's petition for discretionary review as unauthorized. The Racing Commission could have obtained judicial review by petitioning for a writ of certiorari, but it did not do so.

Reversed.