**Gary SMITH, Relator,**

v.

**James POWERS, Chairperson of Rochester Fire Civil Service Commission, et al., Respondents.**

No. C2-90-1569.

Court of Appeals of Minnesota.

Oct. 2, 1990.

George Restovich, Patterson–Restovich–Lund Law Offices, Rochester, for relator.

Douglas Gregor, Deputy City Atty., Rochester, for respondents.

Considered at Special Term and decided by WOZNIAK, C.J., and KALITOWSKI and DAVIES, JJ.

SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

FACTS

Assistant Chief Gary Smith filed a certiorari appeal from the June 11, 1990 refusal of the Rochester Fire Civil Service Commission to review a 30–day suspension imposed upon him on April 10, 1990 by Rochester Fire Chief Thomas Kochheiser. Smith did not appeal from the chief's decision, but he challenges the reasonableness of the suspension order on this appeal. In addition, Smith argues that a rule which delegated authority to the chief to suspend employees for up to 60 days without a hearing, promulgated by the commission on an undisclosed date prior to his suspension, violates his constitutional right to due process.

Respondents move to discharge the writ of certiorari.

DECISION

A firefighters' civil service commission has supervisory control over employment, promotion, discharge, and suspension of fire department employees. Minn.Stat. § 420.06 (1988). The commission may make rules providing for suspension up to 60 days. Minn.Stat. § 420.07(10) (1988). The commission may try charges of inefficiency and misconduct. Minn.Stat. § 420.12 (1988). After an investigation and hearing, the commission may remove, reduce, or suspend employees. Minn.Stat. § 420.13 (1988). "Any person suspended, reduced or removed *by the commission* after investigation may appeal in accordance with chapter 14 [the Administrative Procedure Act]." *Id.* (emphasis added). Certiorari appeals under the Administrative Procedure Act (APA) must be taken within 30 days after receipt of the decision to be challenged. Minn.Stat. § 14.63 (1988). On appeal from the commission's order, the sole issue for review is the reasonableness

of the order, in light of the evidence. Minn.Stat. § 420.13.

The Rochester Fire Civil Service Commission has, by rule, delegated to the fire chief the authority to suspend employees for up to 60 days without a hearing. Although the parties have not disclosed when this rule was promulgated, it is clear that it predates Smith's suspension. Smith was suspended by the *chief.* No charges were filed with the commission, no hearing was held by the commission, and Smith was not suspended *by the commission.*

Despite the statutory language purporting to limit review to actions taken by the commission "after investigation and trial," *id.,* it is clear that certiorari review under the APA also extends to the *denial* of a hearing. *See Minnesota Public Research Interest Group v. Northern States Power Co.,* 360 N.W.2d 654, 656 (Minn.App.1985); *see also Dokmo v. Independent School Dist. No. 11,* 459 N.W.2d 671, 676 (Minn. 1990) (record hearing not prerequisite to certiorari review under Minn.Stat. § 606.01 (1988)). However, Smith has *not* challenged the commission's denial of a review hearing. Instead, he focuses on the commission's earlier adoption of a rule delegating suspension authority to the chief and upon the chief's decision to suspend him. Even if those decisions were subject to certiorari review under the APA, no appeal was taken within 30 days after Smith received notice of the decisions.

It is clear that the decision to suspend Smith was a quasi-judicial agency decision, subject to appellate review. *See In re Occupational License of Haymes,* 444 N.W.2d 257, 258 (Minn.1989). Because no procedure for review of the chief's order was provided by statute or the commission's promulgated rules, it appears that Smith had "the common law right to petition for a writ of certiorari pursuant to Minn.R.Civ.App.P. 120 and Minn.Stat. § 606.01." *Id.* at 259. Although the time allowed for petitions under chapter 606 is longer than that afforded by the APA, *compare* Minn.Stat. §§ 606.01 (60 days after party receives due notice of proceedings to be reviewed) and 14.63 (30 days after party receives final decision), no petition under section 606.01 was filed. It is doubtful whether an application for review in some other form would be sufficient, merely because it was filed within the statutory period, *see Haymes,* 444 N.W.2d at 258, but we note that Smith did not file this appeal until three months after the chief's suspension order, so it cannot be construed to be taken from the order. *See* Minn.R.Civ. App.P. 126.02 (court cannot extend time for securing review of decision unless authorized by law).

A certiorari appeal from the commission's refusal to review a suspension order is an inappropriate route to challenge the reasonableness of the suspension or the adequacy of the process afforded before the chief. We offer no opinion on the propriety of the commission's delegation of suspension authority or an employee's right, if any, to a hearing in connection with suspension. Because Smith failed to seek certiorari review of the suspension order in a timely manner, there is nothing for us to review.

Certiorari discharged.