**In re ESTATE OF James F. ABESY, Deceased.**

**No. C1–90–2552.**

Court of Appeals of Minnesota.

May 28, 1991.

---

**2.** Respondent claims this issue was not argued or presented to the trial court. However, appel-

lant's answer does plead an "act of God" defense to this lawsuit.

Marie S. Hitchcock, St. Paul, for respondent, Estate of James F. Abesy.

James R. Bell, Robert H. Tennant III, St. Paul, for respondent, Stodolka.

William A. Cumming, Minneapolis, for appellant.

Considered and decided by KLAPHAKE, P.J., and FORSBERG and NORTON, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Donald Edwards challenges the trial court's order directing the personal representative of his uncle's estate to pay Edwards' intestate share to respondent, a judgment creditor, rather than to Edwards' heirs-at-law. Edwards contends the order is void because it is based upon a lapsed garnishee summons and because he disclaimed all interest in the estate. We reverse.

## FACTS

The facts essential to this appeal are undisputed. On September 7, 1989, an $18,714.34 judgment was entered in favor of Donald Stodolka and against appellant Donald Edwards and Dela, Inc., d/b/a Dugout Bar. Five days later, Edwards' uncle, James F. Abesy, died intestate. The probate court named Edwards as an intestate heir of the decedent on November 16, 1989.

On March 22, 1990, Stodolka served a garnishee summons on the estate. The personal representative of the estate filed a garnishment disclosure stating that Edwards was an intestate heir of the decedent but that Edwards' share could not be ascertained until the court issued a final probate decree.

On May 23, 1990, Edwards filed a disclaimer and renunciation of his intestate share. The personal representative then petitioned the court for an interim order for construction and distribution regarding Edwards' share of the estate. The court ordered the personal representative to pay Edwards' share to Stodolka, finding that the garnishee summons served on the estate barred Edwards from disclaiming his interest in the estate. Edwards appeals.

## ISSUES

1. Did the garnishee summons against the Abesy estate lapse before the court considered whether Edwards' share of the estate should be paid to Stodolka or Edwards' heirs-at-law?

2. Did the garnishee summons bar Edwards from disclaiming an interest in the Abesy estate under Minn.Stat. § 525.532, subd. 6 (1990)?

## ANALYSIS

### I.

Edwards claims the order directing the personal representative to satisfy Stodolka's judgment is void because the garnishee summons lapsed before the court heard the petition for construction and distribution. Whether the trial court considered the issue is unclear because the record does not contain a transcript of the hearing and the court did not address the issue in its order.

Generally, failure to raise an issue before a trial court will prevent its consideration on appeal. *In re K.T.*, 327 N.W.2d 13, 16–17 (Minn.1982). However, an appellate court may consider an issue if it was raised in the party's briefs and does not depend on any new or controverted facts. *Perl v. St. Paul Fire & Marine Ins. Co.*, 345 N.W.2d 209, 215 n. 6 (Minn.1984). An appellate court will also consider the issue if it is

> plainly decisive of the entire controversy on its merits and where there is no possible advantage or disadvantage to either party in not having had a prior ruling by a trial court on the question.

*Byrd v. O'Neill*, 309 Minn. 415, 417 n. 2, 244 N.W.2d 657, 658–59 n. 2 (1976) *quoted in McMains v. Commissioner of Pub. Safety*, 409 N.W.2d 911, 913 (Minn.App. 1987).

Contrary to Stodolka's assertions, both Edwards and Stodolka addressed this issue in their post-hearing memoranda to the trial court. Resolution of the issue is dispositive and involves only a question of law to be applied to undisputed facts. Therefore, this court will decide the issue.

A garnishee summons is effective for a limited time only. Minn.Stat. § 571.69, subd. 1 (1988) provides:

> A garnishee summons shall lapse and the garnishee thereof shall be discharged and relieved of any liability thereon upon

the expiration of the following periods of time after service of the summons, or such longer period of time either agreed to in writing by both the judgment creditor and the judgment debtor or ordered by a court:

\* \* \* \* \* \*

(2) In the instance of a garnishee summons served after entry of judgment, 180 days.

*Id.*[1] Here, Stodolka served the garnishee summons on March 22, 1990. The 180 day period expired on September 18, 1990. However, the personal representative's petition for an order for construction and distribution was not heard until October 2, 1990, without extension of the garnishee summons by the parties or by the court. Garnishment is a statutory remedy and the legislature has determined that the word "shall" is to be interpreted as mandatory. Minn.Stat. § 645.44, subd. 16 (1990). We therefore hold the garnishee summons lapsed on September 18, 1990, 180 days after service of the summons. Thus, we reverse the trial court's order directing the personal representative to pay Edwards' share of the estate to Stodolka.

## II.

■ Approximately two months after Stodolka served the garnishee summons, Edwards disclaimed all interest in his uncle's estate under Minn.Stat. § 525.532 (1990). Edwards argues the disclaimer relates back to the date of his uncle's death and displaced the garnishee summons. We disagree.

Under a valid disclaimer, the disclaimant's interest is treated as if the disclaimant died immediately before the person by whom the interest was created, thus the interest never vests in the disclaimant. Minn.Stat. § 525.532, subd. 5 (1990). However, the right to disclaim is barred by statute if:

the beneficiary is insolvent at the time of the event giving rise to the right to disclaim. Any voluntary assignment or

transfer of \* \* \* an interest in real or personal property \* \* \* by any beneficiary, or any sale or other disposition of an interest in real or personal property pursuant to judicial process, made before the beneficiary has filed a disclaimer \* \* \* bars the right otherwise hereby conferred on such beneficiary to disclaim as to such interest.

Minn.Stat. § 525.532, subd. 6 (1990).

We agree with the trial court's determination that the garnishee summons constituted a transfer of Edwards' interest in the estate by judicial process which barred Edwards' disclaimer. *See* Minn.Stat. § 550.39 (1990), (exempts insurance proceeds from all "judicial processes of execution, attachment, garnishment, or otherwise"); Minn. Stat. § 336.9–311 (1990) (allows a debtor's rights to collateral to be transferred "by way of sale, creation of a security interest, attachment, levy, garnishment or other judicial process"). Here, post-judgment service of the garnishee summons amounted to judicial process involving a transfer of Edwards' interest in the estate. Thus, during the period the summons was effective, it barred Edwards from disclaiming his interest in the estate.

■ Edwards argues that even if the garnishee summons barred his right to disclaim his interest, the disclaimer became effective after the summons lapsed. We disagree. Under Minn.Stat. § 525.532, subd. 3 (1990) a disclaimer may be made only within nine months after the death of the person creating the interest or nine months after the disclaiming beneficiary becomes finally ascertained. James Abesy died on September 12, 1989. Thus, the time within which Edwards could disclaim his interest in the estate ended in June of 1990, before the garnishment summons expired.

## DECISION

Because by law the garnishment summons had expired and the time for disclaim-

---

1. Minn.Stat. § 571.69 has since been repealed. *See* Minn.Sess.Laws ch. 606, art. 3, § 40 (1990). As this garnishment action began prior to October 1, 1990, however, § 571.69, subd. 1 (1988) applies.

er had run, the trial court's order directing the personal representative to pay Edwards' share of the estate to Stodolka is reversed.

Reversed and remanded.